MARKMAN, J.
At issue here is whether convicting and sentencing a defendant for both first-degree felony murder and the predicate felony violates the “multiple punishments” strand of the Double Jeopardy Clause of the United States and Michigan constitutions. Following a jury trial, defendant was convicted and sentenced for first-degree felony murder and first-degree criminal sexual conduct, where the latter constituted the predicate felony for the former. The Court of Appeals affirmed defendant’s first-degree felony-murder conviction and sentence, but vacated defendant’s first-degree criminal sexual conduct conviction and sentence on double-jeopardy grounds. We conclude that convicting and sentencing a defendant for both felony murder and the predicate felony does not necessarily violate the “multiple punishments” strand of the Double Jeopardy Clause, and, thus, we overrule People v Wilder, 411 Mich 328, 342; 308 NW2d 112 (1981). Because each of the *226 offenses for which defendant was convicted has an element that the other does not, they are not the “same offense” and, therefore, defendant may be punished for both. Accordingly, we reverse the part of the Court of Appeals judgment that vacated defendant’s first-degree criminal sexual conduct conviction and sentence, and we reinstate them. In addition, defendant’s application for leave to appeal the judgment of the Court of Appeals is considered, and it is denied, because we are not persuaded that the questions presented should be reviewed by this Court.
I. FACTS AND PROCEDURAL HISTORY
Defendant forced his 92-year-old neighbor into her bedroom, stripped her of her clothing, and killed her by stabbing her in the abdomen and genital area 23 times with a kitchen knife. Following a jury trial, defendant was convicted and sentenced for first-degree felony murder and first-degree criminal sexual conduct, where the latter was the predicate felony for the felony-murder conviction. The Court of Appeals affirmed defendant’s felony-murder conviction and sentence, but vacated the criminal sexual conduct conviction and sentence on double-jeopardy grounds. Unpublished opinion per curiam, issued July 31, 2007 (Docket No. 268266). Both the prosecutor and defendant filed applications for leave to appeal in this Court. We heard oral argument on whether to grant the prosecutor’s application or take other peremptory action permitted by MCR 7.302(G)(1). 480 Mich 935 (2007).
II. STANDARD OF REVIEW
A double-jeopardy challenge presents a question of constitutional law that this Court reviews de novo. People v Nutt, 469 Mich 565, 573; 677 NW2d 1 (2004).
*227 III. ANALYSIS
Const 1963, art 1, § 15 states, “No person shall be subject for the same offense to be twice put in jeopardy.”[1] The provision affords individuals “three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense.” Nutt, 469 Mich at 574. The first two protections comprise the “successive prosecutions” strand of double jeopardy, id. at 575, while the third protection comprises the “multiple punishments” strand. People v Smith, 478 Mich 292, 299; 733 NW2d 351 (2007).
In Nutt, 469 Mich at 576, a case involving the “successive prosecutions” strand, this Court explained that “[application of the same-elements test, commonly known as the ‘Blockburger test,’[2] is the well-established method of defining the Fifth Amendment term ‘same offence.’ ” This test “ ‘focuses on the statutory elements of the offense.’ ” Id. (citation omitted). “ ‘If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.’ ” Id. (citation omitted). “In sum, offenses do *228 not constitute the ‘same offense’ for purposes of the ‘successive prosecutions’ strand of double jeopardy if each offense requires proof of a fact that the other does not.” Smith, 478 Mich at 304.
In Smith, 478 Mich at 316, this Court further explained that the “the ratifiers intended that the term ‘same offense’ be given the same meaning in the context of the ‘multiple punishments’ strand of double jeopardy that it has been given with respect to the ‘successive prosecutions’ strand.” Therefore, multiple punishments are authorized if “ ‘ “each statute requires proof of an additional fact which the other does not Id. at 307, quoting Blockburger v United States, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932) (citation omitted).[3]
In Wilder, 411 Mich at 342, this Court held that convicting and sentencing a defendant for both first-degree felony murder and the predicate felony violates the “multiple punishments” strand of the Double Jeopardy Clause. However, Wilder did not apply Blockburger’s same-elements test. Instead, the Court held that “[w]here the proof adduced at trial indicates that one offense is a necessarily or cognate lesser included offense of the other, then conviction of both the offenses will be precluded.” Id. at 343-344. The Court then concluded that because the predicate felony is a “necessary element of every prosecution for first-degree felony murder,” convicting and sentencing a defendant for both the felony murder and the predicate felony will always violate the Double Jeopardy Clause. Id. at 345. *229 The Court proceeded to explain that “the fact that the elements of first-degree felony murder do not in every instance require or include the elements of armed robbery [the predicate felony in Wilder] does not mean the offense of armed robbery is not necessarily included in the felony murder here.” Id. at 345. “Though theoretically arguable, such a position is irrelevant when the legal analysis depends not upon the theoretical elements of the offense but upon proof of facts actually adduced.” Id. at 345-346.
However, this approach, as Wilder itself recognized, is inconsistent with Blockburger-.
[T]he test concerning multiple punishment under our constitution has developed into a broader protective rule than that employed in the Federal courts. Under Federal authority, the Supreme Court established the “required evidence” test enunciated in Blockburger v United States, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). See also its original expression in Morey v Commonwealth, 108 Mass 433 (1871). In Blockburger, the Court outlined their test:
“The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” 284 US [at] 304.
This approach isolates the elements of the offense as opposed to the actual proof of facts adduced at trial. See Harris v United States, 359 US 19, 23; 79 S Ct 560; 3 L Ed 2d 597 (1959); United States v Kramer, 289 F2d 909, 913 (CA 2, 1961). Under this test, convictions of two criminal offenses arising from the same act are prohibited only when the greater offense necessarily includes all elements of the lesser offense. Accordingly, conviction of both offenses is precluded only where it is impossible to commit the greater offense without first having committed the lesser offense. From the perspective of lesser included offenses, the Supreme Court in cases concerning double *230 jeopardy has thus adhered to the common-law definition of such offenses. See People v Ora Jones, [395 Mich 379,] 387[; 236 NW2d 461 (1975)].
The Federal test in Blockburger can thus be distinguished from this Court’s approach in two principal ways. First, we find the proper focus of double jeopardy inquiry in this area to he the proof of facts adduced at trial rather than the theoretical elements of the offense alone. Proof of facts includes the elements of the offense as an object of proof. Yet, the actual evidence presented may also determine the propriety of finding a double jeopardy violation in any particular case. See People v Martin, [398 Mich 303,] 309[; 247 NW2d 303 (1976)]; People v Stewart, [400 Mich 540,] 548[; 256 NW2d 31 (1977)]; People v Jankowski, [408 Mich 79,] 91[; 289 NW2d 674 (1980)].
Second, we have held that double jeopardy claims under our constitution may prohibit multiple convictions involving cognate as well as necessarily included offenses. People v Jankowski, [408 Mich at] 91. [Wilder, 411 Mich at 348-349 n 10.[4]
*231 Shortly after Wilder was decided, it was called into question by this Court’s decision in People v Robideau, 419 Mich 458; 355 NW2d 592 (1984). Like the Court in Wilder, the Court in Robideau rejected the Blockburger test; however, it also rejected the Wilder test. In place of these tests, the Robideau Court, 419 Mich at 487, set forth “general principles” to be used to ascertain whether the Legislature intended to impose multiple punishments, such as “[w]here two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishments.” In addition, “[w]here one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes.” Id.
Robideau criticized Wilder for “applying] a method of analysis taken from successive-prosecution cases [to a “multiple punishments” case] . .. and look[ing] to the facts of the case.” Robideau, 419 Mich at 482. The Court explained:
[P]rior decisions of this Court [such as Wilder] have applied a factual test in single-trial multiple-punishment cases, creating areas in which arguably the Legislature cannot now act. To the extent that those decisions interpret the prohibition against double jeopardy as a substantive limitation on the Legislature, we now disavow them. [Id. at 485.]
Therefore, Robideau appeared to overrule Wilder.[5]
*232 Even assuming that Robideau did not expressly overrule Wilder, it did so implicitly. Robideau concluded that the Double Jeopardy Clause does not prohibit multiple punishments for convictions and sentences of both first-degree criminal sexual conduct, MCL 750.520b(l)(c) (penetration under circumstances involving any “other felony”), and the underlying “other felony” used to prove the first-degree criminal sexual conduct. That is, Robideau held that convicting and sentencing a defendant for both first-degree criminal sexual conduct and the predicate “other” felony does not violate the “multiple punishments” strand of the Double Jeopardy Clause. This conclusion is, of course, wholly at odds with Wilder’s conclusion that convicting and sentencing a defendant for both felony murder and the predicate felony violates the “multiple punishments” strand.[6] Therefore, Robideau, if not expressly, at least implicitly, overruled Wilder.[7]
This Court’s recent decision in Smith, overruling Robideau, also called Wilder into question.[8] In Smith, 478 Mich at 318-319, we concluded that convicting and sentencing a defendant for both first-degree felony *233 murder (where the predicate felony was larceny) and the non-predicate felony of armed robbery does not violate the “multiple punishments” strand. We explained that Robideau was predicated on two propositions: “(1) Michigan’s Double Jeopardy Clause afforded greater protections than the Double Jeopardy Clause of the United States Constitution, Wilder, [411 Mich] at 348 n 10; and (2) the Blockburger test did not account for Michigan’s then-current recognition of ‘cognate’ lesser included offenses as ‘lesser offenses’ under a fact-driven analysis.” Smith, 478 Mich at 314. Wilder was also based upon these propositions. However, as we explained in Smith, 478 Mich at 314-315:
This conclusion that the Michigan Constitution affords greater protection than the Fifth Amendment has no basis in the language of Const 1963, art 1, § 15, the common understanding of that language by the ratifiers, or under Michigan caselaw as it existed at the time of ratification. Further, the concern expressed by the Court that Block-burger does not account for cognate lesser included offenses is no longer pertinent in light of People v Cornell, 466 Mich 335, 353; 646 NW2d 127 (2002).[13]
*234 In addition, as discussed earlier, both Wilder and Robideau rejected the Blockburger test for purposes of the “multiple punishments” strand.[10] However, in Nutt, 469 Mich at 591-592, this Court re-adopted the Block-burger test for purposes of the “successive prosecutions” strand of double jeopardy. And, in Smith, 478 Mich at 314-315, we concluded that there is no reason to apply a different test to the “multiple punishments” strand of double jeopardy:
[NJothing in the language of the constitution indicates that the ratifiers intended to give the term “same offense” a different meaning in the context of the “multiple punishments” strand of double jeopardy than it has in the context of the “successive prosecutions” strand. In the absence of any evidence that the term “same offense” was intended by the ratifiers to include criminal offenses that do not share the same elements, we feel compelled to overrule Robideau and preceding decisions that are predicated on the same error of law, and to hold instead that Blockburger sets forth the appropriate test to determine whether multiple punishments are barred by Const 1963, art 1, § 15.[11]
*235 Finally, Wilder was also based on the proposition that it is the facts of the case rather than the abstract legal elements that are determinative with regard to a double-jeopardy challenge. However, as the Court in Wilder, 411 Mich at 349 n 10, acknowledged, the Block-burger test focuses on the abstract legal elements.[12] Blockburger, 284 US at 304 (concluding that there was no double-jeopardy violation because “upon the face of the statute, two distinct offenses are created”) (emphasis added). That is, “ ‘[i]n applying the Blockburger rule, the United States Supreme Court has focused on the legal elements of the respective offenses, not on the particular factual occurrence which gives rise to the charges.’ ” Smith, 478 Mich at 309, quoting Wayne Co Prosecutor v Recorder’s Court Judge, 406 Mich 374, 395; 280 NW2d 793 (1979).[13]
*236 In Iannelli v United States, 420 US 770, 785 n 17; 95 S Ct 1284; 43 L Ed 2d 616 (1975), the Court held that “the [.Blockburger] test focuses on the statutory elements of the offense.” However, in Harris v Oklahoma, 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977), a “terse per curiam,” United States v Dixon, 509 US 688, 698; 113 S Ct 2849; 125 L Ed 2d 556 (1993), that did not even mention Blockburger, the Court held that a subsequent prosecution for robbery with a firearm was barred by the “successive prosecutions” strand because the defendant had already been convicted of felony murder based on the robbery with a firearm. Subsequently, in Whalen v United States, 445 US 684, 694; 100 S Ct 1432; 63 L Ed 2d 715 (1980), expanding on Harris, the Court held that convicting and sentencing a defendant for both first-degree felony murder and rape, where the rape was the predicate felony, violated the “multiple punishments” strand because “proof of rape is a necessary element of proof of the felony murder.” In Albernaz v United States, 450 US 333, 338; 101 S Ct 1137; 67 L Ed 2d 275 (1981), quoting Iannelli, 420 US at 785 n 17, the Court again held that “ ‘the [.Blockburger] test focuses on the statutory elements of the offense.’ ” However, in Grady v Corbin, 495 US 508, 520; 110 S Ct 2084; 109 L Ed 2d 548 (1990), the Court, relying on Harris for the proposition that “a strict application of the Blockburger test is not the exclusive means of determining whether a subsequent prosecution violates the Double Jeopardy Clause” because Block-burger only requires “a technical comparison of the elements of the two offenses,” expressly adopted the “same conduct” test that was used in Harris and Whalen — a test that is directly at odds with the notion that the focus is on the statutory elements.[14] However, the “same conduct” *237 test was explicitly abandoned in Dixon, 509 US at 704. Therefore, the Blockburger test once again is the controlling test for addressing double-jeopardy challenges, and “ ‘the [Blockburger] test focuses on the statutory elements of the offense.’ ” Albernaz, 450 US at 338, quoting Iannelli, 420 US at 785 n 17. See Robideau, 419 Mich at 475-478, which rejected Harris and Whalen even before Dixon was decided, relying on Albernaz.[15]
*238 Further, we must not lose sight of the fact that the Blockburger test is a tool to be used to ascertain legislative intent. Missouri v Hunter, 459 US 359, 368; 103 S Ct 673; 74 L Ed 2d 535 (1983). Because the statutory elements, not the particular facts of the case, are indicative of legislative intent, the focus must be on these statutory elements.[16]
*239 Moreover, as we explained in Nutt, 469 Mich at 590, in adopting Const 1963, art 1, § 15, the ratifiers of our constitution intended our double-jeopardy provision to be construed consistently with the interpretation given to the Fifth Amendment by federal courts at the time of ratification. And, at the time of the ratification, federal courts had adopted the abstract legal elements test of Blockburger. Blockburger, 284 US at 304 (concluding that there was no double-jeopardy violation because “upon the face of the statute, two distinct offenses are created”) (emphasis added); Harris v United States, 359 US 19, 23; 79 S Ct 560; 3 L Ed 2d 597 (1959) (concluding that there was no double-jeopardy violation because “the violation, as distinguished from the direct evidence offered to prove that violation, was distinctly different under each of the respective statutes”) (emphasis omitted).
Finally, we note that a majority of the states focus on the abstract legal elements. Hoffheimer, The rise and fall of lesser included offenses, 36 Rutgers L J 351, 413-414 (2005); see, e.g., Montana v Close, 191 Mont *240 229, 247; 623 P2d 940 (1981) (holding that convicting and sentencing a defendant for both first-degree felony-murder and the predicate felony does not violate the “multiple punishments” strand).
For these reasons, we conclude that convicting and sentencing a defendant for both first-degree felony murder and the predicate felony does not violate the “multiple punishments” strand of the Double Jeopardy Clause if each offense has an element that the other does not.
In deciding whether to overrule precedent, we consider “(a) whether the earlier decision was wrongly decided, and (b) whether overruling such decision would work an undue hardship because of reliance interests or expectations that have arisen.” Robertson v DaimlerChrysler Corp, 465 Mich 732, 757; 641 NW2d 567 (2002). With regard to the first inquiry, we believe, as we have already discussed, that Wilder was wrongly decided because it is inconsistent with the common understanding of “same offense.” With regard to the second inquiry, we must examine “whether the previous decision has become so embedded, so accepted, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Robinson v Detroit, 462 Mich 439, 466; 613 NW2d 307 (2000). “[T]o have reliancet,] the knowledge must be of the sort that causes a person or entity to attempt to conform his conduct to a certain norm before the triggering event.” Id. at 467. Overruling Wilder will disrupt no reliance interests because no person could conceivably have relied on that decision to his or her detriment. That is, we cannot conceive that anyone has committed a first-degree felony murder on the basis that, under Wilder, he or she could only be punished for the first-degree felony murder and not also *241 the predicate felony. Finally, failing to overrule Wilder would produce inconsistent rules regarding the meaning of the language “same offense” in Const 1963, art 1, § 15. For these reasons, assuming that there is still life left in Wilder, we expressly overrule Wilder.
In the instant case, defendant was convicted of both first-degree felony murder and first-degree criminal sexual conduct, where the latter constituted the predicate felony for the felony-murder conviction. The killing of a human being is one of the elements of first-degree felony murder. MCL 750.316(1)03); People v Carines, 460 Mich 750, 758-759; 597 NW2d 130 (1999) (citation omitted). Sexual penetration is one of the elements of first-degree criminal sexual conduct. MCL 750.520b(l). First-degree felony murder contains an element not included in first-degree criminal sexual conduct, namely, the killing of a human being. Similarly, first-degree criminal sexual conduct contains an element not necessarily included in first-degree felony murder, namely, a sexual penetration. First-degree felony murder does not necessarily require proof of a sexual penetration because first-degree felony murder can be committed without also committing first-degree criminal sexual conduct. First-degree felony murder is the killing of a human being with malice “ ‘while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in [MCL 750.316(l)(b)].’ ” Carines, 460 Mich at 758-759 (emphasis added; citation omitted). Therefore, unlike first-degree criminal sexual conduct, first-degree felony murder does not necessarily require proof of a sexual penetration. That is, “[i]t is Gpossible to commit the greater offense [first-degree felony murder] without first committing the lesser offense [first-degree criminal sexual conduct].” Cornell, 466 Mich at 361. Because first-degree felony murder and first-degree criminal *242 sexual conduct each contains an element that the other does not, we conclude that these offenses are not the “same offenses” under either the Fifth Amendment or Const 1963, art 1, § 15, and, therefore, defendant may be punished separately for each offense.
IV CONCLUSION
We conclude that convicting and sentencing a defendant for both first-degree felony murder and the predicate felony does not necessarily violate the “multiple punishments” strand of the Double Jeopardy Clause, and, thus, we overrule Wilder. Because each of the offenses for which defendant was convicted, felony murder and first-degree criminal sexual conduct, contains an element that the other does not, they are not the “same offense” and, therefore, defendant may be punished for both. Accordingly, we reverse the part of the Court of Appeals judgment that vacated defendant’s first-degree criminal sexual conduct conviction and sentence, and we reinstate defendant’s first-degree criminal sexual conduct conviction and sentence. In addition, defendant’s application for leave to appeal the judgment of the Court of Appeals is considered and it is denied, because we are not persuaded that the questions presented should be reviewed by this Court.
Taylor, C.J., and Weaver, Corrigan, and Young, JJ., concurred with MARKMAN, J.

 Similarly, US Const, Am V states, “No person shall... be subject for the same offence to be twice put in jeopardy of life or limb ....” This Court has explained that although we are not “ ‘bound in our understanding of the Michigan Constitution by any particular interpretation of the United States Constitution,’ ” “we have been persuaded in the past that interpretations of the Double Jeopardy Clause of the Fifth Amendment have accurately conveyed the meaning of Const 1963, art 1, § 15 as well.” People v Smith, 478 Mich 292, 302 n 7; 733 NW2d 351 (2007), quoting Harvey v Michigan, 469 Mich 1, 6 n 3; 664 NW2d 767 (2003).

 Blockburger v United States, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

 However, if “the legislature expressed a clear intention that multiple punishments be imposed,” “ ‘ “imposition of such sentences does not violate the Constitution,” ’ regardless of whether the offenses share the ‘same elements.’ ” Smith, 478 Mich at 316, quoting Missouri v Hunter, 459 US 359, 368; 103 S Ct 673; 74 L Ed 2d 535 (1983) (citation and emphasis omitted).

 We are perplexed by Justice CAVANAGH’s criticism that we “misapplfy] the Blockburger test,” post at 244 , while at the same time asserting that he would “retain Wilder’s approach of relying ‘not upon the theoretical elements of the offense but upon proof of facts actually adduced’ in determining whether multiple convictions are permitted under the Double Jeopardy Clause,”post at 251, quoting Wilder, 411 Mich at 346. In Wilder, the Court itself acknowledged that its decision was inconsistent with Blockburger because Blockburger looked to the abstract legal elements of the offenses, rather than to the specific facts alleged in a particular case. Wilder, 411 Mich at 348-349 n 10.
We are similarly perplexed by Justice Kelly’s contention that Wilder is consistent with federal authority, post at 257, when Wilder itself stated that “the test concerning multiple punishment under our constitution has developed into a broader protective rule than that employed in the Federal courts.” Wilder, 411 Mich at 348 n 10. Although Wilder stated, “The decision we reach in this case is fundamentally consistent with existing authority of the United States Supreme Court,” it immediately proceeded to explain the differences between its decision and federal decisions, which differences go to the very heart of the question that is at issue here. Wilder, 411 Mich at 348-349.

 Justice Kelly states that Robideau “noted that Wilder’s analysis did not expressly turn on legislative intent” and then accuses us of “stretch-ting] this criticism to argue that Robideau impliedly overruled Wilder.” Post at 261. However, as already discussed, and as any reader of Robideau can plainly see, this decision clearly said more about Wilder than Justice Kelly acknowledges. She further states that “Robideau emphasized that application of its principles to earlier double jeopardy decisions of this *232 Court was unlikely to yield different results.” Post at 261. However, Robideau’s principles led to a different result in that very case as compared to the result reached in Wilder. See n 6 infra.

 In light of this, we have no idea how Justice Kelly can argue that the result reached in Wilder is “consistent with the result dictated by Robideau.” Post at 255, 262, 264, 265. In Wilder, the Court held that convicting and sentencing a defendant for both first-degree felony murder and the predicate felony violates double jeopardy. In Robideau, the Court held that convicting and sentencing a defendant for both first-degree criminal sexual conduct and the predicate felony does not violate double jeopardy. These decisions are not at all consistent and, contrary to Justice Kelly’s contention, post at 264-265 n 41, the differences in sentences applicable to those offenses do not render these decisions consistent.

 It is noteworthy that Justice Cavanagh does not refer at all to Robideau. It has slipped down a memory hole.

 In her dissent, Justice Kelly restates a significant portion of her dissent in Smith. Rather than restating our response, we simply refer the reader to it. Smith, 478 Mich at 319-323.

 In Cornell, we held that an offense is an “offense inferior to that charged in the indictment” for purposes of MCL 768.32(1) when “ ‘the lesser offense can he proved by the same facts that are used to establish the charged offense.’ ” Cornell, supra at 354 (citation omitted). In other words, an offense is the “same offense” for purposes of jury instructions if conviction of the greater offense necessarily requires conviction of the lesser offense.[9]

 In Cornell, 466 Mich at 355, this Court held that MCL 768.32 “foreclosed consideration of cognate lesser offenses, which are only ‘related’ or of the same ‘class or category’ as the greater offense and may contain some elements not found in the greater offense,” and Wilder, 411 *234 Mich at 345, recognized that “the underlying felony might be characterized as a cognate lesser included offense, not a necessarily included offense.”

 Defendant concedes that Blockburger’s “same elements” test is applicable here.

 In People v Harding, 443 Mich 693, 712; 506 NW2d 482 (1993), this Court, using Robideau’s “general principles,” concluded that convicting and sentencing a defendant for both first-degree felony murder and the predicate felony violates the “multiple punishments” strand. However, as noted, Robideau was expressly overruled in Smith. On the other hand, because Smith involved a conviction and sentence for first-degree felony murder and a non-predicate felony, Smith did not address “Wilder’s holding that the constitution bars multiple punishments for first-degree felony murder and the predicate felony”; however, it did note that “Wilder’s focus on the ‘proof of facts adduced at trial!]’ seems questionable in light of the distinction between cognate lesser offenses and lesser included offenses dictated by the Court in Cornell.” Smith, 478 Mich at 318 n 16.

 As discussed earlier, the Court in Wilder, 411 Mich at 349 n 10, explained:
[The Blockburger test] isolates the elements of the offense as opposed to the actual proof of facts adduced at trial. Under this test, convictions of two criminal offenses arising from the same act are prohibited only when the greater offense necessarily includes all elements of the lesser offense. Accordingly, conviction of both offenses is precluded only where it is impossible to commit the greater offense without first having committed the lesser offense. [Citations omitted.]

 In Wayne Co Prosecutor v Recorder’s Court Judge, 406 Mich at 397, this Court held that convicting and sentencing a defendant for both felony-firearm and the underlying felony does not violate the “multiple punishments” strand because “[i]t is possible, legally, to commit felony-firearm without committing second-degree murder.” We explained, “[i]n applying the Blockburger rule, the United States Supreme Court has focused on the legal elements of the respective offenses, not on the particular factual occurrence which gives rise to the charges.” Id. at 395. It is interesting that Justice Cavanagh does not even mention Wayne Co Prosecutor v Recorder’s Court Judge. As with Robideau, see n 7, this case has also fallen down a memory hole.

 Justice Cavanagh indicates that Whalen must not have been using the “same conduct” test because it did not specifically refer to the “same *237 conduct” test. Post at 247. We disagree. The fact that a court does not specifically proclaim its utilization of a particular test does not mean that it was not, in fact, employing that test. Even a perfunctory review of the Court’s decision in Whalen indicates that it was using the “same conduct” test, as evinced by the fact that the Court focused on the defendant’s conduct in that particular case, rather than the abstract legal elements of the offenses at issue.

 Although Justice Cavanagh is correct that “none of the United States Supreme Court cases cited by the majority for the proposition that Blockburger compels a comparison of abstract statutory elements involves a compound offense such as Michigan’s felony-murder statute,” post at 245 (emphasis omitted), we do cite two Michigan Supreme Court cases for this proposition that do involve a compound offense. In Wayne Co Prosecutor v Recorder’s Court Judge, 406 Mich at 397, this Court, as discussed earlier, held that convicting and sentencing a defendant for both felony-firearm and the underlying felony does not violate the “multiple punishments” strand because “[i]t is possible, legally, to commit felony-firearm without committing second-degree murder.” In addition, as also discussed above, this Court in Robideau, 419 Mich at 466, concluded that the Double Jeopardy Clause does not prohibit multiple punishments for convictions and sentences of both first-degree criminal sexual conduct, MCL 750.520b(l)(c) (penetration under circumstances involving any “other felony”), and the underlying “other felony” used to prove the first-degree criminal sexual conduct.
Justice CAVANAGH relies on three decisions to support his conclusion that Whalen remains controlling authority. However, only one of these decisions involved a compound offense such as Michigan’s felony-murder statute. Rutledge v United States, 517 US 292; 116 S Ct 1241; 134 L Ed 2d 419 (1996), involved a lesser included offense and Whalen was merely cited for the proposition that convicting a defendant of both the greater offense and the lesser included offense violates double jeopardy. In United States v Stafford, 831 F2d 1479, 1483-1484 (CA 9, 1987), the court held that convicting the defendant of violating a statute that required proof of *238 an “overt act in furtherance of the underlying unlawful activity” and the underlying unlawful activity did not violate double jeopardy because committing an overt act in furtherance of a crime is not the “same” as actually committing the crime. Finally, although United States v Chalan, 812 F2d 1302 (CA 10, 1987), did involve a compound offense, it was decided before Dixon, which expressly overruled the “same conduct” test that Whalen used, and it did not discuss whether only the abstract legal elements or the particular facts of the case should be considered.

 Contrary to Justice Cavanagh’s assertion, post at 244, 251-252, 254, we certainly do recognize that the Blockburger test is a tool to be used to ascertain legislative intent and that it is not the exclusive tool for doing this. As this Court explained in Smith, 478 Mich at 316:
In interpreting "same offense” in the context of multiple punishments, federal courts first look to determine whether the legislature expressed a clear intention that multiple punishments be imposed. Where the Legislature does clearly intend to impose such multiple punishments, “ ‘imposition of such sentences does not violate the Constitution,’ ” regardless of whether the offenses share the “same elements.” Where the Legislature has not clearly expressed its intention to authorize multiple punishments, federal courts apply the “same elements” test of Blockburger to determine whether multiple punishments are permitted. [Citations omitted; see also n 3 of this opinion.]
The dissenting justices, on the other hand, would turn our (and the United States Supreme Court’s) double-jeopardy jurisprudence on its head by effectively holding that multiple punishments can only be imposed if the Legislature has expressly stated that multiple punishments for specific offenses are permitted. However, neither this Court nor the United States Supreme Court has ever adopted such a rule, and we will not do so here today. Instead, we continue to view the fact that the Legislature has authorized the punishment of two offenses that are not the “same offense,” i.e., each offense includes an element that the other does not, as a relatively clear legislative intent to allow multiple punish *239 ments. Although Justice CAVANAGH states that he would not require “an explicit reference to multiple punishments and consecutive sentencing,” post at 254, we are at a loss as to how else the Legislature could sufficiently indicate to his satisfaction that multiple punishments are permitted given his conclusion that “[i]n the absence of clear legislative intent to the contrary, I would conclude that the Legislature did not intend to impose punishments for felony murder and its necessarily required predicate felony.” Post at 254. Likewise, although Justice Kelly states that she “doles] not suggest that the only way to discern whether the Legislature intended to permit multiple punishments is to find explicit language in the statute,” post at 265 n 41, she repeatedly states that “the felony-murder statute contains no language indicating an intent to permit multiple punishments” and that “[n]o conclusive evidence can he discerned that the Legislature intended to permit convictions for both felony murder and the predicate felony.” Post at 262, 263, 265. What short of an explicit reference would suffice under the standards of the dissenting justices?