IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1555-07






JARED DANIEL LITTRELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Keller, PJ., filed a dissenting opinion.


 Felony murder and aggravated robbery are not the "same offense" under Blockburger (1)
because each offense requires proof of a fact that the other does not. A person commits felony
murder if he "commits or attempts to commit a felony," and in the course of that commission or
attempted commission, he causes the death of an individual. (2) Felony murder thus requires the death
of an individual, while aggravated robbery does not. And aggravated robbery requires a completed
aggravated robbery, while felony murder does not. The indictment in the present case tracked the
language of the felony murder statute. Supreme Court precedent in this area, and a flood of cases
following from various jurisdictions, have for the most part failed to address the "attempt" aspect
of their felony murder statutes. In a terse per curiam opinion in Harris v. Oklahoma, the Supreme
Court reached the unexceptional conclusion that felony murder and robbery were the same offense
when the robbery was part of the proof required to establish the felony murder. (3) Specifically, the
Supreme Court stated: "When, as here, conviction of a greater crime, murder, cannot be had without
conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution
for the lesser crime after conviction of the greater one." (4) In a footnote to that sentence, the Supreme
Court explicitly set forth the assumption it was making: "The State conceded in its response to the
petition for certiorari that 'in the Murder case, it was necessary for all the ingredients of the
underlying felony of Robbery with Firearms to be proved.'" (5) But in the present case, it was not
necessary to prove the commission of an aggravated robbery to obtain a conviction for felony
murder; proving an attempt would have sufficed. 

 Then in Whalen v. United States, the Supreme Court held that rape was a lesser-included
offense of felony murder, when the theory of felony murder was killing the same victim in the course
of rape. (6) The Supreme Court observed that the District of Columbia's definition of felony murder
required proof of a killing and of "the commission or attempted commission of rape or of one of five
other specified felonies." (7) But the Court made no further reference to the attempt aspect of the
statute, and it did not say whether "attempt" language was included in the indictment. The Court's
discussion seems to indicate that it was not, since it characterized the two offenses before it as "rape"
and "killing the same victim in the perpetration of rape." (8) The Court said that "proof of a rape is a
necessary element of proof of the felony murder." (9) The Supreme Court never discussed what it
would have held if the D.C. felony murder prosecution had required only proof that a rape was
attempted. 

 In a concurring opinion in State v. Enmund, Justice Shaw succinctly explained the effect
"attempt" language had in distinguishing a felony murder from its so-called underlying offense under
Blockburger:

This proposition can be seen most clearly by recognizing that an attempted felony can
also be a predicate for felony murder: the only predicate proof required is that a
felony was intended; there is no requirement to prove the non-intent elements of the
felony. An attempted felony serves just as well as a completed felony as a predicate
felony for felony murder. With this understanding of the underpinning of the felony
murder rule in mind, application of the rule of Blockburger [citation omitted] to the
statutory elements [of felony murder] and the predicate felonies listed therein show
that each contains at least one element unique to itself. (10)


 The Rhode Island case of Jefferson v. State (11) provides a concrete illustration of how felony
murder based on an attempt to commit the underlying felony is a different offense than the completed
underlying felony. In that case, the defendant was indicted for both robbery and murder. (12) At trial,
the judge granted a judgment of acquittal on the robbery count but instructed the jury on felony
murder in the course of an attempted robbery, and the defendant was convicted of felony murder. (13) 
In response to the defendant's claim that the acquittal on the robbery count precluded a conviction
for felony murder, the Supreme Court of Rhode Island pointed out that the applicable felony murder
statute permitted a conviction if the killing occurred during the perpetration or attempted perpetration
of certain felonies, and thus, "the attempt to commit any of the enumerated felonies may serve as a
distinct underlying felony for invoking the felony-murder rule." (14) The failure to prove a completed
robbery did not necessarily prevent the State from showing an attempted robbery, and thus
establishing felony murder. (15)

 Of course, appellant's felony murder charge alleged both the commission and attempted
commission of aggravated robbery. But even if commission and attempt with respect to the
underlying offense are alternate methods of committing felony murder, (16) then appellant procedurally
defaulted his Double Jeopardy claim because (it appears) he failed to object on those grounds to the
submission of both theories of felony murder to the jury. (17) 

 I respectfully dissent.


Filed: October 15, 2008

Publish
1. Blockburger v. United States, 284 U.S. 299 (1932).
2. Tex. Pen. Code §19.02(b)(3)(emphasis added).
3. 433 U.S. 682 (1977).
4. Id. at 682 (emphasis added).
5. Id. at 682 n.*.
6. 445 U.S. 684 (1980).
7. Id. at 686.
8. Id. at 685.
9. Id. at 694.
10. 476 So. 2d 165, 169 (Fla. 1985)(Shaw, J., concurring)(case citation omitted, text
substituted for statutory citation).
11. 472 A.2d 1200 (R.I. 1984).
12. Id. at 1202.
13. Id.
14. Id. at 1202-03.
15. Id. at 1203. See also People v. Ream, 481 Mich. 223, 241-242, 750 N.W.2d 536, 546-47 (2008) (First-degree felony murder and the underlying felony are different offenses under
Blockburger.).
16. It could be that the language "commits or attempts to commit" contained in the felony
murder statute signifies that a person is guilty of felony murder if he at least attempts to commit
the underlying felony; essentially, the "commit" portion of the phrase incorporates the rule
codified for attempt offenses that "[i]t is no defense to prosecution for criminal attempt that the
offense attempted was actually committed." See Tex. Pen. Code §15.01(c). 
17. Langs v. State, 183 S.W.3d 680, 686-87, 689 (Tex. Crim. App. 2006).