# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROGER LEON HUNT, JR.,

      Defendant-Appellant.

UNPUBLISHED
October 20, 2016

No. 328237
Montcalm Circuit Court
LC No. 2014-019463-FH

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

PER CURIAM.

Defendant, Roger Leon Hunt, Jr., appeals as of right his convictions, following a jury trial, of operating or maintaining a methamphetamine laboratory, MCL 333.7401c(1)(a), owning or possessing chemicals or laboratory equipment for the purpose of manufacturing methamphetamine, MCL 333.7401c(1)(b), and maintaining a drug house, MCL 333.7405(d). The trial court sentenced Hunt as a third-offense habitual offender, MCL 769.11, to serve concurrent terms of 5 years, 6 months' to 40 years' imprisonment for his convictions of operating a methamphetamine laboratory and possessing chemicals or laboratory equipment to manufacture methamphetamine, and 2 to 4 years' imprisonment for maintaining a drug house. We affirm.

## I. FACTUAL BACKGROUND

Richard Young testified that he lived with Hunt for three years. Young and Hunt learned how to cook methamphetamine and, in October 2014, they began cooking it together. Young and Hunt would cook methamphetamine in the house, and then Young, Hunt, and Kayla Jones would use the methamphetamine. Jones testified that she frequently observed Young and Hunt enter a tarped-off area in the home, where she assumed they were cooking methamphetamine because of the supplies they took into the area and the subsequent odor.

In November 2014, a person who had consumed methamphetamine at Hunt's house informed the Edmore Police that Hunt was operating a methamphetamine laboratory in his home. The Central Michigan Enforcement Team executed a search warrant. Detective Matt Buter testified that the search uncovered a one-pot reaction vessel used to manufacture methamphetamine, a "dry" one pot-reaction vessel in the laundry-room, and a cut-open lithium battery. Young testified that he used lithium batteries when manufacturing methamphetamine.

-1-

Detective Buter also testified that he found a hydrogen generator, a blender, and coffee filters, all of which are also used in the manufacturing of methamphetamine.

The prosecution presented additional evidence and testimony. The jury found Hunt guilty as previously described. Hunt now appeals, contending that his convictions of both operating or maintaining a methamphetamine laboratory under MCL 333.7401c(1)(a) and owning or possessing chemicals or laboratory equipment under MCL 333.7401c(1)(b) violated his constitutional right against being convicted multiple times for the same offense.

## II. STANDARD OF REVIEW

"A double jeopardy challenge presents a question of constitutional law that this Court reviews de novo." *People v Smith*, 478 Mich 292, 298; 733 NW2d 351 (2007).

## III. DOUBLE JEOPARDY

Hunt contends that because it is necessary to own or possess chemicals or laboratory equipment for the purpose of manufacturing methamphetamine to maintain a methamphetamine laboratory, he has been convicted of multiple offenses for the same conduct, in violation of his rights under the Fifth Amendment of the United States and Michigan constitutions. We disagree.

The Fifth Amendment of the United States Constitution protects a criminal defendant from being "twice put in jeopardy of life or limb . . . ." US Const, Am V; *People v Szalma*, 487 Mich 708, 715-716; 790 NW2d 662 (2010). The Michigan Constitution contains a parallel provision that this Court construes consistently with the Fifth Amendment. Const 1963, art 1, § 15; *Szalma*, 487 Mich at 716. In part, this provision protects a criminal defendant against multiple prosecutions for the same offense. *People v Ream*, 481 Mich 223, 227; 750 NW2d 536 (2008).

Courts apply the *Blockburger*[1] test when a defendant's conduct violates two different statutes. *People v Gibbs*, 299 Mich App 473, 489; 830 NW2d 821 (2013). When a defendant's conduct violates two different statutes, this Court must determine whether the offenses have the same elements. *Ream*, 481 Mich at 240. If each offense requires proof of a fact that the other does not, multiple convictions do not violate a defendant's right against double jeopardy. *Id*. at 227-228. This is true even if there is a substantial overlap between the proofs the prosecution must offer for each offense. *People v Nutt*, 469 Mich 565, 576; 677 NW2d 1 (2004).

MCL 333.7401c prohibits a variety of conduct, including the conduct for which Hunt was convicted:

(1) A person shall not do any of the following:

---

[1] *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

(a) Own, possess, or use a vehicle, building, structure, place, or area that he or she knows or has reason to know is to be used as a location to manufacture a controlled substance in violation of [MCL 333.7401] or a counterfeit substance or a controlled substance analogue in violation of [MCL 333.7402].

(b) Own or possess any chemical or any laboratory equipment that he or she knows or has reason to know is to be used for the purpose of manufacturing a controlled substance in violation of [MCL 333.7401] or a counterfeit substance or a controlled substance analogue in violation of [MCL 333.7402].

Hunt relies on *People v Meshell*, 265 Mich App 616; 696 NW2d 754 (2005), to contend that his convictions under both subdivisions (a) and (b) violated his right against double jeopardy. In *Meshell*, the defendant was convicted of operating a methamphetamine laboratory under both a general sentencing provision and an enhanced sentencing provision for doing so near a residence. *Id*. at 618. In that case, all the elements of operating a methamphetamine laboratory generally were encompassed within the statute the prohibited doing so within 500 feet of a residence. *Id*. at 631.

This Court's *Meshell* decision is distinguishable from the facts in this case. Relevant to this case, MCL 333.7401c(1)(a) prohibits a person from owning, possessing, or using a structure that he or she knows is to be used to manufacture a controlled substance. MCL 333.7401c(1)(b) prohibits a person from owning or possessing any chemical or laboratory equipment that he or she knows is to be used to manufacture a controlled substance. Subdivision (a) required the prosecution to prove that Hunt owned the house in which the methamphetamine was manufactured, while subdivision (b) required the prosecution to prove that Hunt owned the chemicals and equipment found in the house. Accordingly, each subdivision required the prosecution to prove an element that the other subdivision did not. Even though there was a substantial overlap in the proofs the prosecution was required to present, the *Blockberger* test is satisfied. See *Nutt*, 469 Mich at 576. We conclude that Hunt's convictions under both subdivision (a) and (b) did not violate his right against double jeopardy.

We affirm.

/s/ Kirsten Frank Kelly
/s/ Peter D. O'Connell
/s/ Mark T. Boonstra

-3-