*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 5, 2019

v

No. 342634
Wayne Circuit Court
LC No. 15-000968-01-FC

ALVIN PERRY JORDAN,

        Defendant-Appellant.

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*concurring*).

I concur in the majority opinion because I am bound by *People v Ream*, 481 Mich 223, 240; 750 NW2d 536 (2008) and *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007). I write separately to note my confusion about the reasoning underlying those cases. Under the *Blockburger*[1] test, conviction of two offenses "does not violate the 'multiple punishments' strand of the Double Jeopardy Clause if each offense has an element that the other does not." *Ream*, 481 Mich at 239-240. To conclude that a conviction of first-degree felony murder and the predicate offense does not violate double jeopardy, our Supreme Court held that felony murder's third element is commission of any one of the several enumerated predicate felonies. *Id*. at 241. However, juries are not instructed in this manner. They are told, and properly so, to convict a defendant of felony murder only if the elements of the specific predicate felony are all found. M Crim JI 16.4. The jury is not given the list of predicate felonies and asked to determine whether the defendant committed the murder while committing, attempting to commit, or assisting in the commission of *any* enumerated felony. In every felony murder case, each element of the predicate felony must be proven beyond a reasonable doubt. Thus, in each case, the elements of the predicate felony are fully incorporated in the elements of felony murder. In my view, conviction and sentence of felony murder and the predicate offense fails the *Blockburger* test and

---

[1] *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 2d 306 (1932).

constitutes multiple punishments in violation of the Double Jeopardy Clause. Nonetheless, in light of binding Michigan Supreme Court precedent, I concur.

/s/ Douglas B. Shapiro