*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOEL EUSEVIO DAVIS,

Defendant-Appellant.

UNPUBLISHED
November 12, 2019

No. 332081
Wayne Circuit Court
LC No. 15-005481-01-FH

ON REMAND

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In *People v Davis*, 320 Mich App 484; 905 NW2d 482 (2017) (*Davis I*), we vacated defendant's convictions for aggravated domestic assault (second offense), MCL 750.81a(3), and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, after determining that the offenses were mutually exclusive. Our Supreme Court vacated that portion of *Davis I*, reasoning:

> Regardless of whether this state's jurisprudence recognizes the principle of mutually exclusive verdicts, this case does not present that issue. In this case, the jury was instructed that to convict defendant of AWIGBH, it must find that defendant acted "with intent to do great bodily harm, less than the crime of murder." See MCL 750.84(1)(a). However, with respect to aggravated domestic assault, the jury was not instructed that it must find that defendant acted without the intent to inflict great bodily harm. See MCL 750.81a(3); *People v Doss*, 406 Mich 90, 99 (1979) ("While the absence of malice is fundamental to manslaughter in a general definitional sense, it is not an actual element of the crime itself which the people must establish beyond a reasonable doubt."). Since, with respect to the aggravated domestic assault conviction, the jury never found that defendant acted without the intent to inflict great bodily harm, a guilty verdict for that offense was not mutually exclusive to defendant's guilty verdict for AWIGBH, where the jury affirmatively found that defendant acted with intent to do great bodily harm.

-1-

> Thus, the Court of Appeals erred by relying on the principle of mutually exclusive verdicts to vacate defendant's aggravated domestic assault conviction. [*People v Davis*, ___ Mich ___; ___ NW2d ___ (Docket No. 156406, entered March 22, 2019) (*Davis II*).]

On remand, the Supreme Court directed us to consider defendant's challenge to his convictions and sentences on double-jeopardy grounds, taking into consideration *People v Miller*, 498 Mich 13; 869 NW2d 204 (2015), and explicitly addressing the proper standard of review.

Based on *Miller* and the legislative history of Michigan's assault statutes, we now hold that defendant's convictions did not violate double-jeopardy principles and affirm.

I

In 2015, defendant physically assaulted his girlfriend, causing significant facial injuries. *Davis I*, 320 Mich App at 486-487. A jury convicted defendant of aggravated domestic assault (second offense), MCL 750.81a(3), and AWIGBH, MCL 750.84(1)(a). *Davis I*, 320 Mich App at 486. The trial court sentenced defendant to 1 to 5 years' imprisonment for aggravated domestic assault, and 65 months to 10 years' imprisonment for AWIGBH. In *Davis I*, 320 Mich App at 487-489, we rejected defendant's challenge to the admission of certain evidence against him. We did not address defendant's second issue as presented by him: that his convictions violated his right to be free from multiple punishments for the same offense under double-jeopardy principles. We now do so relying upon *Miller*, 498 Mich 13.

II

We first note that defendant failed to preserve this issue by raising a double-jeopardy challenge in the trial court. Our review of unpreserved constitutional issues is limited to plain error affecting defendant's substantial rights. *People v Carines*, 463 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only if the error resulted in a conviction despite the defendant's actual innocence, or if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of the defendant's innocence." *People v Ackah-Essien*, 311 Mich App 13, 30-31; 874 NW2d 172 (2015).

III

The double-jeopardy provisions of the United States and Michigan Constitutions[1] protect individuals from being twice placed in jeopardy for the same offense and "protect[] against multiple punishments for the same offense." *Miller*, 498 Mich at 17 (cleaned up).[2]

---

[1] US Const, Am V; Const 1963, art 1, § 15.

[2] This opinion uses the parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as

The multiple punishments strand of double jeopardy is designed to ensure that courts confine their sentences to the limits established by the Legislature and therefore acts as a restraint on the prosecutor and the Courts. The multiple punishments strand is not violated where a legislature specifically authorizes cumulative punishment under two statutes. Conversely, where the Legislature expresses a clear intention in the plain language of a statute to prohibit multiple punishments, it will be a violation of the multiple punishments strand for a trial court to cumulatively punish a defendant for both offenses in a single trial. Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. [*Id*. at 17-18 (cleaned up).]

"The Legislature, however, does not always clearly indicate its intent with regard to the permissibility of multiple punishments." *Id*. at 19. Where legislative intent is not clear, Michigan courts employ the "abstract legal elements" test of *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008). *Miller*, 498 Mich at 19. Under this test, "two offenses will only be considered the 'same offense' where it is impossible to commit the greater offense without also committing the lesser offense." *Id*.

At issue in *Miller* was whether separate convictions arising from the same conduct for operating while intoxicated (OWI), MCL 257.625(1), and operating while intoxicated causing serious impairment of the body function of another person (OWI-injury), MCL 257.625(5), violated the defendant's right to be free from double jeopardy. *Miller*, 489 Mich at 15. The Supreme Court determined that the Legislature's intent with respect to these statutes could be derived without reference to the *Ream* test. MCL 257.625(1) and (5), when viewed in isolation, did not demonstrate any legislative intent regarding the authorization of cumulative punishment. *Miller*, 498 Mich at 22-23. But, the Court explained, "we do not quarantine the text when interpreting statutes. Instead, we must examine the statutory language as a whole to determine the Legislature's intent." *Id*. at 23. MCL 257.625(7)(d) provides that punishment under MCL 257.625(7) does not preclude punishment for a violation of MCL 257.625(4) or (5). *Miller*, 498 Mich at 23-24. This specific authorization permitting multiple punishments only when subsection (7) and either subsection (4) or subsection (5) are involved, means that "the Legislature did *not* intend to permit multiple punishments for OWI and OWI-injury offenses arising from the same incident"; the statute does not include a like provision permitting multiple punishments for violations of subsections (1) and (5). *Id*. at 24. "The fact that the Legislature expressly authorized multiple punishments for Subsection (5) and a subsection other than Subsection (1) demonstrates that the Legislature did not intend to permit multiple punishments for violations of Subsections (1) and (5)." *Id*. Having determined that the Legislature clearly did not intend for one to be punished under both MCL 257.625(1) and (5) for the same conduct, the Court did not need to resort to the *Ream* test to find a double-jeopardy violation. *Miller*, 498 Mich at 24-27.

---

brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

IV

The reasoning of *Miller* dictates that a defendant may be convicted of both AWIGBH and aggravated domestic assault arising from the same conduct. "[T]he statutory language evinces a legislative intent with regard to the permissibility of multiple punishments" and we may not resort to *Ream*'s "abstract legal elements" test. *Id*. at 19.

MCL 750.84(1)(a) makes it is a 10-year felony to "[a]ssault[] another person with intent to do great bodily harm, less than the crime of murder." MCL 750.84(3) provides that "[t]his section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section." This legislative statement leaves no room for dispute. The Legislature has made it clear that one may be punished under MCL 750.84, and also for any other violation of law arising out of the same conduct. As such, there is no double-jeopardy violation.

Defendant contends, however, that the language of MCL 750.81a and MCL 750.84(1) conflict, thereby demonstrating the Legislature's intent that one cannot be convicted of both offenses for the same conduct, despite the command of MCL 750.84(3). Defendant relies on our statement in *Davis I*, 320 Mich App at 490 (cleaned up), that the two statutes are "mutually exclusive from a legislative standpoint. One requires the defendant to act with the specific intent to do great bodily harm less than murder; the other is committed without intent to do great bodily harm less than murder." Defendant asks this Court to imply that the legislative command stated in MCL 750.84(3) does not apply when the other offense is a charge under MCL 750.81a. We cannot grant this request.

Our ultimate task is to derive our Legislature's intent. *People v Rea*, 500 Mich 422, 427; 902 NW2d 362 (2017). The most reliable evidence of our Legislature's intent is the plain language of the statute. *Id*. Every word, phrase, and clause must be given effect, and this Court must "avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id*. at 427-428 (cleaned up). MCL 750.84(3) plainly and unambiguously provides that defendant's AWIGBH conviction does not preclude a conviction of aggravated domestic assault. The only way to reach the result advocated by defendant is to ignore MCL 750.84(3), or to at least rewrite the language, "any other violation of law" to except a conviction of aggravated domestic assault. We may not rewrite the statute in this manner. *McDonald v Farm Bureau Ins Co*, 481 Mich 191, 199; 747 NW2d 811 (2008).

Moreover, the history of the relevant statutes reveals that our Legislature meant what it said in MCL 750.84(3), even when the crimes at issue are aggravated domestic assault and AWIGBH. By way of 1931 PA 328, our Legislature codified 10 forms of assault. MCL 750.81 made all assaults not otherwise defined a misdemeanor.[3] Nine remaining forms of assault were

---

[3] "Any person who shall be convicted of an assault or an assault and battery where no other punishment is prescribed shall be guilty of a misdemeanor." MCL 750.81, as enacted by 1931 PA 328.

then enumerated, including AWIGBH, which was found in MCL 750.84. As enacted by 1931 PA 328, MCL 750.84 stated, in its entirety, "Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars." Eight other forms of assault were listed, none of which addressed domestic assaults.

Through 1939 PA 237, our Legislature enacted MCL 750.81a. As originally enacted, the statute deemed an assault causing serious or aggravated injury as a misdemeanor:

> Any person who shall assault another without any weapon and inflict serious or aggravated injury upon the person of another without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail or the state prison for a period of not more than 1 year, or fine of $500.00, or both. [MCL 750.81a, as enacted by 1939 PA 237.]

The Legislature's intent in first enacting MCL 750.81a was to define an additional form of assault. This form of assault would exist where one, without a weapon, caused serious injury, but did so without intending to kill or inflict great bodily harm on the victim. It was originally a "gap-filler." It appears that when MCL 750.81a was first enacted, the Legislature did not envision a situation where one could be guilty of both AWIGBH and the type of assault delineated by MCL 750.81a. Rather, MCL 750.81a and MCL 750.84 described different types of assaults.

Our Legislature amended MCL 750.81a through 1994 PA 65. The form of assault generally described by the statute remained, although it was reworded for clarity, and the amount of the potential fine was increased. Significant to the present case, our Legislature also added two subsections addressing domestic assaults:

> (2) Except as provided in subsection (3), an individual who assaults his or her spouse or former spouse, an individual with whom he or she has a child in common, or a resident or former resident of his or her household, without a weapon and inflicts serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.
>
> (3) An individual who assaults his or her spouse or former spouse, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, in violation of subsection (2), and who has 1 or more previous convictions for assaulting and battering his or her spouse or former spouse, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, in violation of this section or [MCL 750.81, MCL 750.82, MCL 750.83, MCL 750.84, or MCL 750.86] or a local ordinance substantially corresponding to [MCL 750.81], is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,500.00, or both. [MCL 750.81a(2) and (3), as enacted by 1994 PA 65.]

1994 PA 65 was tie-barred to 1994 PA 64. 1994 PA 64 clarified the language of MCL 750.81 and added domestic assault provisions. Those provisions stated that domestic assaults that did not cause serious or aggravated injuries would be punishable as misdemeanors on the first two occasions, and as a felony on the third. MCL 750.81(1)-(4), as enacted by 1994 PA 64. 1994 PA 64 and 1994 PA 65 essentially provided sentence enhancements for assaults committed in the context of a domestic relationship. See *People v Wilson*, 265 Mich App 386, 392-394; 695 NW2d 351 (2005). But because the underlying forms of assault were those criminalized by MCL 750.81 and MCL 750.81a, it is possible that the Legislature did not foresee that a defendant could be convicted of both AWIGBH and domestic assault under MCL 750.81 or aggravated domestic assault under MCL 750.81a. In that regard, it is important to note that MCL 750.84 was not amended at the time these domestic assault provisions were created.

The next set of relevant legislative amendments—2012 PA 366 and 2012 PA 367—took effect on April 1, 2013. 2012 PA 366 amended MCL 750.81 and MCL 750.81a, increasing the penalties for those convicted of multiple domestic assaults. 2012 PA 367 substantially rewrote MCL 750.84 as follows:

> (1) A person who does either of the following is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both:
>
> (a) Assaults another person with intent to do great bodily harm, less than the crime of murder.
>
> (b) Assaults another person by strangulation or suffocation.
>
> * * *
>
> (3) *This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section.* [Emphasis added.]

This history makes clear that when our Legislature enacted 2012 PA 366 and 2012 PA 367, its intent was to increase the penalties for domestic assaults and to clarify that one who commits AWIGBH can also be prosecuted under the domestic assault statutes. "The Legislature is presumed to know of and legislate in harmony with existing laws." *People v Pace*, 311 Mich App 1, 9; 874 NW2d 164 (2015) (cleaned up). That the Legislature was aware of the domestic assault statutes when it amended MCL 750.84—and specifically, when it added MCL 750.84(3)—is all the more clear when one knows that the domestic assault statutes were amended effective the same day the Legislature amended MCL 750.84. Had the Legislature intended that an AWIGBH conviction would preclude a conviction under MCL 750.81a, it could have said so. Not doing so appears to be a conscious choice. Because the Legislature's intent

was to permit punishment for both AWIGBH and aggravated domestic assault arising out of the same conduct, there can be no double-jeopardy violation.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly