# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## PEOPLE v MILLER

Docket No. 149502. Argued April 7, 2015 (Calendar No. 4). Decided July 20, 2015.

Joseph Miller was convicted by a jury in the Leelanau Circuit Court of operating while intoxicated (OWI), MCL 257.625(1), and operating while intoxicated causing serious impairment of another person's body function (OWI-injury), MCL 257.625(5), for an accident that resulted when he grabbed the steering wheel of the car that his girlfriend was driving. The court, Thomas G. Power, J., sentenced defendant to two concurrent terms of five years' probation, with the first nine months to be served in jail. Defendant appealed. The Court of Appeals, DONOFRIO, P.J., and SAAD and METER, JJ., in an unpublished opinion per curiam issued March 11, 2014 (Docket No. 314375), affirmed defendant's conviction for OWI-injury but vacated defendant's OWI conviction on the ground that it violated defendant's constitutional protection against double jeopardy. The Court of Appeals denied the prosecution's motion for reconsideration. The Supreme Court granted the prosecution's application for leave to appeal. 497 Mich 881 (2014).

In a unanimous opinion by Justice VIVIANO, the Supreme Court *held*:

The trial court violated the constitutional protection against double jeopardy by convicting defendant of both OWI and OWI-injury. When read as a whole, MCL 257.625 expresses a clear legislative intent not to allow conviction of and punishment for multiple offenses arising from the same incident except where explicitly authorized by the statute, and MCL 257.625(1) and MCL 257.625(5) do not specifically authorize multiple punishments. Accordingly, the Court of Appeals correctly vacated defendant's conviction, but for the wrong reason.

1. The constitutional prohibition against double jeopardy protects against successive prosecutions for the same offense and against the imposition of multiple punishments for the same offense. The protection against multiple punishments is not violated if the Legislature has specifically authorized cumulative punishments under two statutes; however, if the Legislature has expressed a clear intention to prohibit multiple punishments, it is a violation of double jeopardy to convict a defendant for both offenses in a single trial. If the Legislature's intent is not clear, courts apply the "abstract legal elements" test articulated in *People v Ream*, 481 Mich 223 (2008), which focuses on the statutory elements of the offense to determine whether the Legislature intended for multiple punishments. Under this test, it does not violate double

jeopardy protections to convict a defendant of multiple offenses if each of the offenses has an element that the other does not.

2. The Court of Appeals erred by concluding that the Legislature did not express a clear intent with regard to multiple punishments arising under MCL 257.625(1) and (5). Although these provisions do not clearly evidence the Legislature's intent when read in isolation, reading MCL 257.625 as a whole indicates that the Legislature specifically authorized multiple punishments for an individual who violates MCL 257.625(7) by driving with a minor while intoxicated and, by that same conduct, also commits OWI-injury under MCL 257.625(5) or OWI causing death under MCL 257.625(4). The fact that there is no similar provision expressly authorizing multiple punishments for violating MCL 257.625(1) and MCL 257.625(5) indicates that the Legislature did not intend to permit a defendant to be convicted of both offenses for the same criminal conduct. Accordingly, the trial court violated double jeopardy by convicting defendant of both OWI and OWI-injury.

Court of Appeals judgment affirmed on different grounds; case remanded to the trial court for resentencing.

©2015 State of Michigan

# OPINION

Chief Justice:          Justices:
Robert P. Young, Jr.    Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano
                        Richard H. Bernstein

FILED  July 20, 2015

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

> Plaintiff-Appellant,

v                                               No. 149502

JOSEPH MILLER,

> Defendant-Appellee.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

At issue before us is whether defendant's convictions of operating while intoxicated (OWI)[1] and operating while intoxicated causing serious impairment of the body function of another person (OWI-injury)[2] arising from a single intoxicated driving incident violated the double jeopardy clauses of the United States and Michigan

---

[1] MCL 257.625(1).

[2] MCL 257.625(5).

Constitutions.[3]  Although we agree with the Court of Appeals' conclusion that convicting defendant of both offenses violated his double jeopardy protections, we disagree with the reasoning employed by the Court of Appeals.  In particular, the Court of Appeals erred by not recognizing the clear legislative intent reflected in the plain language of the statute precluding multiple punishments for OWI and OWI-injury.  Accordingly, for the reasons stated below, we affirm the Court of Appeals' decision to vacate defendant's OWI conviction under MCL 257.625(1) on alternate grounds and remand to the trial court for resentencing.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In June 2012, while returning from a concert at which they had both been drinking alcohol, defendant and his girlfriend got into an argument.  Defendant grabbed the wheel from his girlfriend, who was driving, causing the car to go off the road and strike a tree.  Defendant's girlfriend suffered a broken collar bone and a concussion as a result of the accident.  Defendant had a blood alcohol level of 0.17 grams per 100 milliliters.

Defendant was charged with OWI and OWI-injury.  A jury convicted defendant as charged.  The trial court sentenced defendant to two concurrent terms of five years' probation, with the first nine months to be served in the county jail.

Defendant appealed to the Court of Appeals, arguing that the trial court violated the multiple punishments strand of the double jeopardy clauses by convicting him of both OWI  and  OWI-injury.   The  Court  of  Appeals  agreed,  vacated  defendant's  OWI

_____

[3] US Const, Am V; Const 1963, art 1, § 15.

2

conviction under MCL 257.625(1), and remanded the case for resentencing.[4]  The prosecution moved for reconsideration, arguing that the Court of Appeals' analysis was contrary to *People v Ream*,[5] but the Court of Appeals denied the motion in a summary order.

The prosecution sought leave to appeal in this Court.  We granted leave to consider whether defendant's convictions for both OWI and OWI-injury arising from the same incident constitutes a violation of the multiple punishments strand of double jeopardy under the United States and Michigan Constitutions.[6]

## II.  STANDARD OF REVIEW

This case presents questions of law regarding statutory interpretation and the application of our state and federal Constitutions, which we review de novo.[7]

## III.  MULTIPLE PUNISHMENTS STRAND OF DOUBLE JEOPARDY

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ."[8]  The Michigan Constitution similarly provides that

---

[4] *People v Miller*, unpublished opinion per curiam of the Court of Appeals, issued March 11, 2014 (Docket No. 314375).

[5] *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008).

[6] *People v Miller*, 497 Mich 881 (2014).

[7] *People v Gardner*, 482 Mich 41, 46; 753 NW2d 78 (2008); *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004).

[8] US Const, Am V.

"[n]o person shall be subject for the same offense to be twice put in jeopardy."[9] The prohibition against double jeopardy protects individuals in three ways: "(1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense."[10] The first two protections comprise the "successive prosecutions" strand of double jeopardy, while the third protection is known as the "multiple punishments" strand.[11] Because defendant was convicted of and sentenced for both OWI and OWI-injury arising from the same conduct at the same trial, this case involves the multiple punishments strand of double jeopardy.

The multiple punishments strand of double jeopardy "is designed to ensure that courts confine their sentences to the limits established by the Legislature" and therefore acts as a "restraint on the prosecutor and the Courts."[12] The multiple punishments strand is not violated "[w]here 'a legislature specifically authorizes cumulative punishment

---

[9] Const 1963, art 1, § 15. Although we are not bound to interpret the Michigan Constitution consistently with similar provisions of the United States Constitution, "we have been persuaded in the past that interpretations of the Double Jeopardy Clause of the Fifth Amendment have accurately conveyed the meaning of Const 1963, art 1, § 15 . . . ." *People v Smith*, 478 Mich 292, 302 n 7; 733 NW2d 351 (2007).

[10] *Nutt*, 469 Mich at 574.

[11] *Smith*, 478 Mich at 299.

[12] *People v Mitchell*, 456 Mich 693, 695; 575 NW2d 283 (1998); see also *Brown v Ohio*, 432 US 161, 165; 97 S Ct 2221; 53 L Ed 2d 187 (1977) ("Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional [double jeopardy] guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.").

4

under two statutes . . . .' "[13] Conversely, where the Legislature expresses a clear intention in the plain language of a statute to prohibit multiple punishments, it will be a violation of the multiple punishments strand for a trial court to cumulatively punish a defendant for both offenses in a single trial.[14] "Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed."[15]

The Legislature, however, does not always clearly indicate its intent with regard to the permissibility of multiple punishments. When legislative intent is not clear, Michigan courts apply the "abstract legal elements" test articulated in *Ream* to ascertain whether the Legislature intended to classify two offenses as the "same offense" for double jeopardy purposes. This test focuses on the statutory elements of the offense to

---

[13] *Mitchell*, 456 Mich at 695, quoting *Missouri v Hunter*, 459 US 359, 368-369; 103 S Ct 673; 74 L Ed 2d 535 (1983).

[14] See *Garrett v United States*, 471 US 773, 779; 105 S Ct 2407; 85 L Ed 2d 764 (1985) (explaining "that the *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history"); *Hunter*, 459 US at 366 ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."); *Smith*, 478 Mich at 316 ("In interpreting 'same offense' in the context of multiple punishments, federal courts first look to determine whether the legislature expressed a clear intention that multiple punishments be imposed."); *Mitchell*, 456 Mich at 695-696 ("Where the issue is one of multiple punishment rather than successive trials, the double jeopardy analysis is whether there is a clear indication of legislative intent to impose multiple punishment for the same offense.").

[15] *Albernaz v United States*, 450 US 333, 344; 101 S Ct 1137; 67 L Ed 2d 275 (1981).

determine whether the Legislature intended for multiple punishments.[16] Under the abstract legal elements test, it is not a violation of double jeopardy to convict a defendant of multiple offenses if "each of the offenses for which defendant was convicted has an element that the other does not . . . ."[17] This means that, under the *Ream* test, two offenses will only be considered the "same offense" where it is impossible to commit the greater offense without also committing the lesser offense.[18]

In sum, when considering whether two offenses are the "same offense" in the context of the multiple punishments strand of double jeopardy, we must first determine whether the statutory language evinces a legislative intent with regard to the permissibility of multiple punishments. If the legislative intent is clear, courts are required to abide by this intent.[19] If, however, the legislative intent is not clear, courts must then apply the abstract legal elements test articulated in *Ream* to discern legislative intent.

---

[16] *Ream*, 481 Mich at 238 (explaining that "[b]ecause the statutory elements, not the particular facts of the case, are indicative of legislative intent, the focus must be on these statutory elements").

[17] *Id*. at 225-226.

[18] *Id*. at 241.

[19] See *Mitchell*, 456 Mich at 695-696 (explaining that where the legislative intent is clear, " 'a court's task of statutory construction is at an end' "), quoting *Hunter*, 459 US at 368.

## IV. ANALYSIS AND APPLICATION

Subsections (1) through (8) of MCL 257.625 establish different categories of operating while intoxicated offenses. In this case, we must determine whether double jeopardy precludes defendant's convictions of OWI under MCL 257.625(1) and OWI-injury under MCL 257.625(5) arising from a single intoxicated driving incident.

MCL 257.625(1) provides:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:
>
> (a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.
>
> (b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2018, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.
>
> (c) The person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

MCL 257.625(5) provides:

> A person, whether licensed or not, who operates a motor vehicle in violation of subsection (1), (3), or (8) and by the operation of that motor vehicle causes a serious impairment of a body function of another person is guilty of a crime as follows:
>
> (a) Except as provided in subdivision (b), the person is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not less than $1,000.00 or more than $5,000.00, or both. The judgment of sentence may impose the sanction permitted under section 625n. If the vehicle is not ordered forfeited under section 625n, the court shall order vehicle immobilization under section 904d in the judgment of sentence.

7

(b) If the violation occurs while the person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, and within 7 years of a prior conviction, the person is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not less than $1,000.00 or more than $5,000.00, or both. The judgment of sentence may impose the sanction permitted under section 625n. If the vehicle is not ordered forfeited under section 625n, the court shall order vehicle immobilization under section 904d in the judgment of sentence.

As stated above, to determine whether defendant's convictions of both OWI and OWI-injury violated his double jeopardy rights, we must first determine whether the Legislature expressed a clear intent regarding the permissibility of multiple operating while intoxicated convictions arising from the same incident.

The Court of Appeals concluded, based on an examination of the plain language of MCL 257.625, that the Legislature did not "evince a clear expression of any intent to allow multiple punishments for the same offense."[20]  In doing so, the Court focused on MCL 257.625(25) and (27).  MCL 257.625(25)(b) defines "prior convictions" and includes as part of that definition a violation of "[t]his section" or a "substantially corresponding" local ordinance, federal law, or law of another state.  MCL 257.625(27) provides that "[i]f 2 or more convictions described in subsection (25) are convictions for violations arising out of the same transaction, only 1 conviction shall be used to determine whether the person has a prior conviction."  The Court of Appeals concluded that the Legislature did not clearly state its intent with regard to multiple punishments under these subsections because subsection (25) includes "as part of its definition of

---

[20] *Miller*, unpub op at 4.

'prior conviction' a conviction from a foreign jurisdiction of a law that 'substantially correspond[s] to a law of this state," which may allow multiple punishments for a single transaction and thus subsection (27) merely "limit[s] how those multiple convictions are to be handled with respect to calculating a defendant's number of 'prior convictions.' "[21]

We agree with the Court of Appeals that MCL 257.625(25) and (27) do not indicate a clear legislative intent with regard to the permissibility of multiple punishments. While MCL 257.625(27) considers the possibility that a defendant could be convicted of multiple offenses arising out of the same transaction, it is not clear whether the Legislature contemplated these multiple offenses as arising solely under Michigan law, the laws of another jurisdiction that "substantially correspond[] to a law of this state," or a combination thereof.

Despite the Court of Appeals' proper analysis of these subsections, our review of MCL 257.625 as a whole leads us to conclude that the Legislature did express a clear intent with regard to multiple punishments arising under MCL 257.625(1) and (5). As with any statutory interpretation, we must give effect to the Legislature's intent by focusing first on the statute's plain language.[22] When statutory language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written.[23] Here, MCL 257.625(1) and (5) are silent on the issue of multiple

---

[21] *Id.*

[22] *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014).

[23] *Id.*

9

punishments and thus do not, when read in isolation, clearly evidence the Legislature's intent on whether multiple punishments are allowed.

However, we do not quarantine the text when interpreting statutes. Instead, we must examine the statutory language as a whole to determine the Legislature's intent.[24] In this respect, we find it significant that the Legislature specifically authorized multiple punishments for some operating while intoxicated offenses in another subsection of the statute.[25] MCL 257.625(7) creates a separate operating while intoxicated offense for individuals who drive while intoxicated with a minor in the car (OWI-minor).[26] Subsection (7)(d) provides in relevant part:

> This subsection *does not prohibit a person from being charged with, convicted of, or punished for a violation of subsection (4) or (5) that is committed by the person while violating this subsection.* However, points shall not be assessed under section 320a for both a violation of subsection (4) or (5) and a violation of this subsection for conduct arising out of the same transaction.[27]

Thus, under MCL 257.625(7)(d), the Legislature specifically authorized multiple convictions and punishments for a person who commits OWI-minor and by that same

---

[24] *Id*. at 698.

[25] Although this argument was not made in the parties' briefs filed in this Court or the Court of Appeals, it was raised by defense counsel during oral arguments in this Court.

[26] MCL 257.625(7) proscribes "operat[ing] a vehicle in violation of subsection (1), (3), (4), (5), or (8) while another person who is less than 16 years of age is occupying the vehicle."

[27] Emphasis added.

conduct also commits OWI-injury or causes "the death of another person" under MCL 257.625(4) (OWI-death).

The specific authorization for multiple punishments contained in MCL 257.625(7)(d) leads us to conclude that the Legislature did *not* intend to permit multiple punishments for OWI and OWI-injury offenses arising from the same incident. While subsection (7) expressly authorizes multiple punishments for certain operating while intoxicated offenses, this authorization is limited to the circumstances described in MCL 257.625(7)(d). And interpreting this subsection in the context of the statute as a whole leads us to conclude that the Legislature intended to exclude all other multiple punishments under MCL 257.625.[28] This implication is particularly probative of legislative intent in this case because the express authorization of multiple punishments in subsection (7)(d) involves one of the subsections under examination in this case, MCL 257.625(5). The fact that the Legislature expressly authorized multiple punishments for subsection (5) and a subsection other than subsection (1) demonstrates that the Legislature did not intend to permit multiple punishments for violations of subsections (1) and (5).[29] In other words, if the Legislature had intended to allow

---

[28] *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (" 'We interpret th[e] words in [the statute in] light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole.' "), quoting *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011).

[29] See, e.g., *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993) ("Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there.").

11

multiple punishments for subsections (1) and (5), it clearly knew how to do so, as evidenced by the specific authorization in MCL 257.625(7)(d).[30]  But neither MCL 257.625(1) nor (5) contains similar language specifically authorizing the conviction of and punishment for multiple offenses.  Thus, in light of MCL 257.625(7)(d), the omission of a similar clause providing explicit authority to convict a defendant of multiple operating while intoxicated offenses arising out of the same incident in either MCL 257.625(1) or (5) is a clear indication that the Legislature did not intend for defendants to be convicted of and punished for OWI and OWI-injury arising out of the same incident.

Further, to reach the opposite conclusion would violate our well-recognized rule that we "must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory."[31]  That is, had the Legislature generally intended to allow multiple punishments for every category of operating while intoxicated offense arising from the same conduct, there would be no need for the Legislature to specifically authorize multiple punishments for OWI-minor and OWI-death or OWI-injury.  To interpret MCL 257.625 as permitting multiple punishments for other operating while intoxicated offenses would improperly render the specific authorization under MCL 257.625(7)(d) surplusage.

---

[30] See *People v Houston*, 473 Mich 399, 410; 702 NW2d 530 (2005).

[31] *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002).

12

Therefore, the Court of Appeals erred by concluding that the Legislature did not "evince a clear expression of any intent to allow . . . multiple punishments for the same offense."[32] In light of the express statutory language permitting multiple punishments in MCL 257.625(7)(d), the fact that MCL 257.625(1) and (5) do not contain any express authorization for multiple punishments indicates that the Legislature did not intend to permit a defendant to be convicted of both of these offenses for the same criminal conduct.[33] Accordingly, we hold that the trial court violated the double jeopardy prohibition by convicting defendant of both OWI under MCL 257.625(1) and OWI-injury under MCL 257.625(5).[34]

## V. CONCLUSION

We conclude that defendant's convictions of both OWI and OWI-injury for the same intoxicated driving incident violates the multiple punishments prong of the double

---

[32] *Miller*, unpub op at 4.

[33] Because the Legislature evinced a clear intent with regard to the permissibility of multiple punishments based on the plain language of the statute, the Court of Appeals did not need to employ *Ream*'s abstract legal elements test. However, even assuming that resort to *Ream* was necessary, the Court of Appeals did not apply *Ream* correctly because it compared the elements of each offense *as charged* rather than focusing on the *abstract statutory elements* of the two offenses, as required by *Ream*.

[34] While plaintiff argues that there is no double jeopardy violation because defendant was sentenced to concurrent, rather than consecutive, sentences and thus does not face multiple sentences, we find this argument unpersuasive. A concurrent sentence does not eliminate the potential collateral consequences of two convictions for the same offense. See *Ball v United States*, 470 US 856, 864-865; 105 S Ct 1668; 84 L Ed 2d 740 (1985) (including as examples of the collateral consequences of a second conviction as potentially "delay[ing] the defendant's eligibility for parole or result[ing] in an increased sentence under a recidivist statute for a future offense").

jeopardy clauses. Based on the plain language of MCL 257.625, the Legislature expressed a clear intent not to allow conviction of and punishment for multiple offenses arising from the same conduct, except where explicitly authorized by the statute. Therefore, the Court of Appeals reached the right result when it vacated defendant's OWI conviction.[35] However, the Court of Appeals did so for the wrong reasons. Accordingly, we affirm the Court of Appeals' decision to vacate defendant's OWI conviction under MCL 257.625(1) on alternate grounds and remand to the trial court for resentencing.

David F. Viviano
Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
Richard H. Bernstein

---

[35] *People v Herron*, 464 Mich 593, 609; 628 NW2d 528 (2001) (explaining that "it is an appropriate remedy in a multiple punishment double jeopardy violation to affirm the conviction of the higher charge and to vacate the lower conviction").

14