# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2018

156406

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

SC: 156406
COA: 332081
Wayne CC: 15-005481-FH

JOEL EUSEVIO DAVIS,
      Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the July 13, 2017 judgment of the Court of Appeals is considered, and it is GRANTED, limited to the issues: (1) whether the defendant's convictions under MCL 750.81a(3) and MCL 750.84 violate double jeopardy; (2) whether MCL 750.81a and MCL 750.84 contain contradictory and mutually exclusive provisions such that the Legislature did not intend a defendant to be convicted of both crimes for the same conduct, compare *People v Miller*, 498 Mich 13, 18-26 (2015) with *People v Doss*, 406 Mich 90, 96-99 (1979); (3) whether the Court of Appeals erred in recognizing a rule against mutually exclusive verdicts in Michigan, see generally *United States v Powell*, 469 US 57, 69 n 8 (1984); *State v Davis*, 466 SW3d 49 (Tenn, 2015); and (4) whether the Court of Appeals erred in applying this rule to the facts of this case. The time allowed for oral argument shall be 20 minutes for each side. MCR 7.314(B)(1).

We direct the Clerk to schedule the oral argument in this case for the same future session of the Court when it will hear oral argument in *People v Price* (Docket No. 156180).

We further ORDER the Wayne Circuit Court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint Michael L. Mittlestat to represent the defendant in this Court. If this appointment is not feasible, the trial court shall, within the same time frame, appoint other counsel to represent the defendant in this Court.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2018



Clerk

a0501