# Order

Michigan Supreme Court
Lansing, Michigan

March 22, 2019

156406

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

JOEL EUSEVIO DAVIS,
      Defendant-Appellee.
_____/

SC: 156406
COA: 332081
Wayne CC: 15-005481-FH

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we VACATE in part the July 13, 2017 judgment of the Court of Appeals. On appeal to the Court of Appeals, defendant argued that his convictions for both assault with intent to do great bodily harm (AWIGBH), MCL 750.84(1)(a),[1] and aggravated domestic assault, MCL 750.81a(3),[2] violated his right to be free from multiple punishments under double-jeopardy principles. US Const, Am V; Const 1963, art 1, § 15. The Court of Appeals reframed this double-jeopardy argument as an issue of "mutually exclusive" verdicts, specifically a situation "where a guilty verdict on one count necessarily excludes a finding of guilt on another . . . ." *People v Davis*, 320 Mich App 484, 493 (2017), quoting *United States v Randolph*, 794 F3d 602, 610-611 (CA 6, 2015) (quotation marks omitted). See also *United States v Powell*, 469 US 57, 69 n 8 (1984). The Court of Appeals noted that the statutory language of AWIGBH requires a defendant to commit assault *with* the specific intent to do great bodily harm, whereas the statutory language of aggravated domestic assault requires a defendant to commit assault *without* the intent to commit great bodily harm. *Davis*, 320 Mich App at 490. The Court of Appeals reasoned that these contradictory provisions rendered the verdicts mutually exclusive and, on that basis,

---

[1] To be found guilty of AWIGBH, a person must "[a]ssault[] another person with intent to do great bodily harm, less than the crime of murder." MCL 750.84(1)(a).

[2] To be found guilty of aggravated domestic assault, a person must, *inter alia*, assault an individual "without intending . . . to inflict great bodily harm . . . ." MCL 750.81a(2).

vacated defendant's aggravated domestic assault conviction. *Id*. at 496. In doing so, the Court of Appeals erred.

Regardless of whether this state's jurisprudence recognizes the principle of mutually exclusive verdicts, this case does not present that issue. In this case, the jury was instructed that to convict defendant of AWIGBH, it must find that defendant acted "with intent to do great bodily harm, less than the crime of murder." See MCL 750.84(1)(a). However, with respect to aggravated domestic assault, the jury was *not* instructed that it must find that defendant acted *without* the intent to inflict great bodily harm. See MCL 750.81a(3); *People v Doss*, 406 Mich 90, 99 (1979) ("While the absence of malice is fundamental to manslaughter in a general definitional sense, it is not an actual element of the crime itself which the people must establish beyond a reasonable doubt."). Since, with respect to the aggravated domestic assault conviction, the jury never found that defendant acted without the intent to inflict great bodily harm, a guilty verdict for that offense was not mutually exclusive to defendant's guilty verdict for AWIGBH, where the jury affirmatively found that defendant acted with intent to do great bodily harm. Thus, the Court of Appeals erred by relying on the principle of mutually exclusive verdicts to vacate defendant's aggravated domestic assault conviction. We thus VACATE that part of the Court of Appeals judgment relevant to that finding.

Because the Court of Appeals erroneously decided this case on the basis of mutually exclusive verdicts, the Court did not address the merits of defendant's double-jeopardy argument. *Davis*, 320 Mich App at 489 (finding that "double jeopardy is not the proper initial focus"). Accordingly, we REMAND this case to the Court of Appeals for reconsideration of the parties' arguments in light of *People v Miller*, 498 Mich 13 (2015). We also direct the Court of Appeals to determine and apply the appropriate standard of review to this double-jeopardy challenge because the applicable standard of review was not explicitly addressed by the Court of Appeals in its July 13, 2017 judgment.

We do not retain jurisdiction.



a0319

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 22, 2019



Clerk