*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSE J. HOWARD,

        Plaintiff-Appellant,

v

MECOSTA COUNTY CLERK,

        Defendant-Appellee.

FOR PUBLICATION
March 11, 2021
9:35 a.m.

No. 353976
Mecosta Circuit Court
LC No. 20-025369-PZ

Before: REDFORD, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals, arguing that the circuit court erroneously affirmed defendant's denial of plaintiff's application for a concealed pistol license. Plaintiff had previously been convicted of a felony, but the circuit court had earlier granted plaintiff's petition to restore his rights regarding firearms under MCL 28.424. Plaintiff argues that the restoration of his rights under that statute includes the right to obtain a concealed pistol license. We disagree and affirm.

Plaintiff's argument is largely centered on the question whether, despite the restoration of his firearm rights under Michigan law, he is still prohibited under federal law from possessing a firearm. There was an extensive discussion of this issue in the circuit court, as well as in plaintiff's brief on appeal to this Court, and there seems to be some question regarding whether a restoration of rights under Michigan law may or may not be sufficient to restore rights under federal law. But we decline to consider plaintiff's discussion and analysis of his status under federal law because there is a much more straightforward issue here: defendant is a convicted felon and the concealed pistol statute precludes any convicted felon from receiving a concealed pistol license. MCL 28.425b(7)(f) provides in pertinent part:

> (7) The county clerk shall issue . . . a license to an applicant to carry a concealed pistol . . . if the county clerk determines that all of the following circumstances exist:
>
> * * *
>
> (f) . . . the applicant has never been convicted of a felony in this state . . . .

Plaintiff does not dispute that he was, in fact, previously convicted of a felony. Accordingly, plaintiff was disqualified from obtaining a concealed pistol license.

Plaintiff makes an argument that the restoration of his right to possess a firearm also restores his right to obtain a concealed pistol license. We disagree. Plaintiff points to the fact that the application for a concealed pistol license asks whether the applicant has been convicted of a felony as a juvenile, but not as an adult. He argues that the application does not ask about adult felony convictions because, unless the applicant's rights have been restored under MCL 28.424, an applicant could not possess a pistol at all. Plaintiff further explains his theory by pointing out that MCL 28.424 does not mention juveniles at all. We fail to see the significance of that distinction. Regardless whether the application asks about adult felony convictions, MCL 28.425b(7)(f) expressly forbids a convicted felon from obtaining a concealed pistol license.

Plaintiff further argues that interpreting MCL 28.425b(7)(f) as prohibiting any person convicted of a felony from obtaining a concealed pistol license would render nugatory MCL 28.424 and MCL 28.426. We disagree. In interpreting a statute, we give effect to the legislative intent, which begins by looking at the plain language of the statute. *People v Miller*, 498 Mich 13, 22-23; 869 NW2d 204 (2015). Where that language is clear and unambiguous, we apply the statute as written. *Id*. at 23. Moreover, we must give effect to the entire statute and not interpret it in a manner that would render part of it nugatory. *Id*. at 25.

MCL 28.424 provides as follows:

(1) An individual who is prohibited from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm under section 224f(2) of the Michigan penal code, 1931 PA 328, MCL 750.224f, may petition the circuit court in the county in which he or she resides for restoration of those rights.

(2) An individual who is prohibited from possessing, using, transporting, selling, carrying, shipping, or distributing ammunition under section 224f(4) of the Michigan penal code, 1931 PA 328, MCL 750.224f, may petition the circuit court in the county in which he or she resides for restoration of those rights.

(3) Not more than 1 petition may be submitted under subsection (1) or (2) in any 12-month period. The circuit court shall charge a fee as provided in section 2529 of the revised judicature act of 1961, 1961 PA 236, MCL 600.2529, unless the court waives that fee.

(4) The circuit court shall, by written order, restore the rights of an individual to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm or to possess, use, transport, sell, carry, ship, or distribute ammunition if the circuit court determines, by clear and convincing evidence, that all of the following circumstances exist:

(a) The individual properly submitted a petition for restoration of those rights as provided under this section.

(b) The expiration of 5 years after all of the following circumstances:

(i) The individual has paid all fines imposed for the violation resulting in the prohibition.

(ii) The individual has served all terms of imprisonment imposed for the violation resulting in the prohibition.

(iii) The individual has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition.

(c) The individual's record and reputation are such that the individual is not likely to act in a manner dangerous to the safety of other individuals.

And MCL 28.426 provides as follows:

(1) An issuing agency shall not issue a license to an applicant under section 2 unless both of the following apply:

(a) The issuing agency has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm.

(b) If the applicant is not a United States citizen, the issuing agency has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien.

(2) A county clerk shall not issue a license to an applicant under section 5b unless both of the following apply:

(a) The department of state police, or the county sheriff under section 5a(4), has determined through the federal national instant criminal background check system that the applicant is not prohibited under federal law from possessing or transporting a firearm.

(b) If the applicant is not a United States citizen, the department of state police has verified through the United States Immigration and Customs Enforcement databases that the applicant is not an illegal alien or a nonimmigrant alien.

With respect to MCL 28.424, plaintiff makes no meaningful argument why denying a convicted felon the right to obtain a concealed pistol license would render that section nugatory. Having had his rights restored under MCL 28.424, plaintiff now enjoys a number of rights that he had previously lost, such as the right to own and possess a firearm. The fact that MCL 28.425b(7)(f) prohibits him from obtaining a concealed pistol license does not mean that MCL 28.424 is meaningless to plaintiff. Moreover, MCL 28.424 does not expressly state that the right to obtain a concealed pistol license is restored, nor does MCL 28.425b(7)(f) make an exception

for those applicants that have had their firearm rights restored. The two statutes simply are not in conflict.

As for MCL 28.426, plaintiff seems to confuse a restriction on the county clerk in issuing a concealed pistol license with an obligation to issue a license. That is, plaintiff argues that "MCL 28.426 requires the County Clerk to issue Mr. Howard his concealed pistol license." But it does not *require* the issuance of any concealed pistol license. Rather, both subsections (1) and (2) begin with phrases of "shall not issue a license . . . unless . . . ." Thus, it is restrictive language, rather than obligatory language. Simply put, MCL 28.426 provides additional restrictions on the issuance of a concealed pistol license. And because plaintiff is prohibited from obtaining a concealed pistol license under MCL 28.425b(7)(f), whether MCL 28.426 applies to plaintiff is not important to the determination whether plaintiff is entitled to receive a concealed pistol license.[1] Nor is his extensive discussion of federal law necessary to our conclusion.

In conclusion, the plain language of MCL 28.425b(7)(f) prohibits the issuance of a concealed pistol license to a person who has been convicted of a felony. That provision is not altered by MCL 28.424 or MCL 28.426. Plaintiff admits that he was convicted of two felonies. And he does not argue that those convictions have been set aside, expunged, or otherwise nullified. Accordingly, defendant correctly denied the issuance of a concealed pistol license.

Affirmed. Defendant may tax costs.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Mark T. Boonstra

---

[1] Plaintiff also discusses whether the clerk erroneously informed him that, under federal law, plaintiff could only possess certain types of firearms, such as muzzleloaders. The questions aside whether the clerk should have given plaintiff legal advice and whether that advice was accurate, it does not affect whether plaintiff is permitted to obtain a concealed pistol license.