*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNY JAY LINN,

Defendant-Appellant.

UNPUBLISHED
January 16, 2025
2:07 PM

No. 366345
Kalamazoo Circuit Court
1991-000169-FH

Before: PATEL, P.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendant, Kenny Jay Linn, appeals by leave granted[1] the order denying his petition for removal from the sex offender registry and the discontinuation of his obligation to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Citing *People v Betts*, 507 Mich 527, 574; 968 NW2d 497 (2021), defendant argues that retroactive imposition of MCL 28.722, as amended by 2011 PA 17 (2011 SORA) violates the constitutional prohibition on ex post facto laws because his conviction occurred before the 2011 SORA amendments. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

This case arises out of a November 1990 sexual assault that defendant committed against his stepdaughter when she was a minor. In March 1992, defendant was sentenced to serve one year in jail and five years' probation after pleading *nolo contendere* to second-degree criminal sexual conduct (CSC-II) with the victim under 13 years of age, MCL 750.520c(1)(a).[2]

---

[1] *People v Linn*, unpublished order of the Court of Appeals, entered November 27, 2023 (Docket No. 366345).

[2] Defendant appealed his conviction and sentence by right, and this Court affirmed. *People v Linn*, unpublished memorandum opinion of the Court of Appeals, issued July 9, 1993 (Docket No. 151583).

Defendant was serving his five-year probation term when SORA went into effect on October 1, 1995. See 1994 PA 295. Consequently, defendant's order of probation was amended in October 1995 to require him to register as a sex offender for a period 25 years. Defendant was discharged from probation on January 27, 1997. At the time of his discharge, defendant was eligible for automatic removal from the sex offender registry in October 2020.

Effective July 1, 2011, SORA was amended to include a three-tier system that categorized registrants on the basis of their offenses, MCL 28.722, as amended by 2011 PA 17, and based the length of registration on that tier designation, MCL 28.725(10) to (12), as amended by 2011 PA 17. The 2011 SORA classified defendant's CSC-II offense under Tier III. See MCL 28.722(w)(*v*), as amended by 2011 PA 17. As a result, defendant was subject to a lifetime sex offender registration requirement. See MCL 28.725(12), as amended by 2011 PA 17.

In *Betts*, 507 Mich at 574, our Supreme Court held "that the 2011 SORA, when applied to registrants whose criminal acts predated the enactment of the 2011 SORA amendments, violates the constitutional prohibition on ex post facto laws." Thereafter, defendant petitioned the trial court for his removal from the sex offender registry and the discontinuation of his obligation to register under the SORA, arguing that *Betts* held that the three-tier classification system in the 2011 SORA amendments was unconstitutional and violated the Ex Post Facto Clauses in the federal and state constitutions. The trial court denied the petition, concluding:

> No evidence exists to persuade this Court to remove Defendant from the registry. With the passing of 2020 PA 295, all registrants remain on the registry and are now subject to the requirements of the newly amended SORA. The newly amended SORA has not been deemed unconstitutional, as applied to this Defendant or any other member of the pre-2006 or pre-2011 subclasses. Thus, Defendant's Petition for Removal of Michigan's Sex Offender Registry is hereby denied.

This appeal followed.

## II. ANALYSIS

Citing *Betts*, defendant argues that the trial court erred as a matter of law by retroactively applying the 2011 SORA amendments establishing the tier system and requiring defendant to register for life because his conviction occurred before the 2011 amendments. Defendant maintains that he must be removed from the sex offender registry because he completed his 25-year requirement in 2020. We disagree.

We review de novo questions of constitutional law, *People v Kiczenski*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364957); slip op at 3, and questions of law involving statutory interpretation, *People v Miller*, 498 Mich 13, 16-17; 869 NW2d 204 (2015).

"The Legislature has modified SORA over the past nearly 30 years in a series of amendments introducing new provisions; contracting, expanding, and removing established provisions; creating new ameliorative provisions; and in the case of the 2011 amendments, completely restructuring the statutory scheme." *Betts*, 507 Mich at 573. Relevant to this matter, "[t]he 2011 amendments completely restructured SORA through the imposition of a tiered classification system, and the duties and requirements of each registrant were based on that

registrant's tier classification." *Id*. at 564. The reclassification process "lengthened registration periods, including a lifetime registration requirement for Tier III offenders." *Id*. at 535.

In *Betts*, the defendant pleaded guilty to CSC-II in 1993. *Id*. at 536. In 2012, after the defendant successfully completed parole, he was charged with violating SORA's registration requirements, MCL 28.729(1)(a), because he "failed to report his change of residence, his e-mail address, and his purchase of a vehicle within 3 days, contrary to MCL 28.725(1)(a), (f), and (g), as amended by 2011 PA 17." *Id*. at 536-537. The defendant moved to dismiss the charge, asserting that the retroactive imposition of the 2011 SORA requirements violated the federal and state constitutional prohibitions on ex post facto laws. *Id*. at 537. The trial court denied the motion and, ultimately, the defendant "entered a no-contest plea, conditional on his ability to challenge on appeal the constitutionality of the retroactive application of the 2011 SORA." *Id*.

After granting leave, the *Betts* Court held that "the retroactive imposition of the 2011 SORA increases registrants' punishment for their committed offenses in violation of federal and state constitutional prohibitions on ex post facto laws." *Id*. at 562.[3] In reaching its conclusion, the Court determined "that the Legislature likely intended SORA as a civil regulation rather than a criminal punishment." *Id*. at 548-549. But after applying "each of the *Mendoza-Martinez*[4] factors that the United States Supreme Court identified as relevant in *Smith*,[5]" the Court held that "the 2011 SORA's aggregate punitive effects negate the state's intention to deem it a civil regulation." *Id*. at 562. The Court concluded that severability and revival of a prior version of SORA were "inappropriate tools to remedy the constitutional violation" and thus held "that the 2011 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments." *Id*. at 573-574.[6]

After our Supreme Court heard oral arguments in *Betts*, but before it released its decision, our Legislature enacted 2020 PA 295 (2021 SORA), effective March 24, 2021, to "cure its

---

[3] "The Ex Post Facto Clauses of the United States and Michigan Constitutions bar the retroactive application of a law if the law: (1) punishes an act that was innocent when the act was committed; (2) makes an act a more serious criminal offense; (3) increases the punishment for a crime; or (4) allows the prosecution to convict on less evidence." *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014).

[4] *Kennedy v Mendoza-Martinez*, 372 US 144, 168-169; 83 S Ct 554; 9 L Ed2d 644 (1963) (articulating seven factors to consider in determining whether "an Act of Congress is penal or regulatory in character").

[5] *Smith v Doe*, 538 US 84, 97; 123 S Ct 1140; 155 L Ed2d 164 (2003) (identifying five of the *Mendoza-Martinez* factors that were relevant to determining whether Alaska's sex offender registration law was, in effect, penal or regulatory).

[6] Because the crime subjecting the defendant to registration occurred in 1993, the Supreme Court ordered that his 2012 conviction of violating SORA's reporting requirements be vacated. *Betts*, 507 Mich at 574.

constitutional infirmity" by reducing or eliminating certain conditions. *Id*. at 566.[7] The 2021 SORA requires sex offender registration if an individual was convicted before SORA initially took effect on October 1, 1995, but was still "on probation or parole, committed to jail, [or] committed to the jurisdiction of the department of corrections." MCL 28.723(1)(b). Like the 2011 SORA, the 2021 SORA includes a three-tier system that categorizes registrants on the basis of their offenses, MCL 28.722, and bases the length of registration on that tier designation, MCL 28.725(11) to (13). However, the *Betts* Court declined to evaluate "whether the retroactive application of any post-2011 SORA amendments violates constitutional ex post facto provisions," because neither party raised the issue. *Id*. at 574 n 30.

Following *Betts*, this Court held that the imposition of the 2021 SORA registration requirement on a defendant who was convicted of non-sexual offenses in 2014 constituted cruel or unusual punishment in violation of Const 1963, art I, § 16. *People v Lymon*, 342 Mich App 46, 88-89; 993 NW2d 24 (2022) (*Lymon I*), aff'd in part & vacated in part by *People v Lymon*, ___ Mich ___, ___; ___NW3d___ (2024) (Docket No. 164685) (*Lymon II*). In *Lymon II*, the Supreme Court held "that imposition of the 2021 SORA constitutes criminal punishment as applied to non-sexual offenders," *Lymon II*, __ Mich at __; slip op at 31, and "constitutes cruel or unusual punishment under the Michigan Constitution" as applied to *non-sexual* offenders, *id*. at __; slip op at 38. However, the Court vacated the portion of *Lymon I* that concluded that the 2021 SORA constitutes punishment as to sexual offenders and explicitly left open the question whether the 2021 SORA amendments constitute cruel or unusual punishment when applied to *sexual* offenders. *Id*. at __, __; slip op at 8 n 6, 38.

This Court recently addressed that question regarding an offender convicted in 1981 of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(d)(*ii*), concluding "that the 2021 SORA amendments do not constitute punishment as to sex offenders" under the Ex Post Facto Clauses of the federal and state constitutions. *Kiczenski*, ___ Mich App at ___; slip op at 1.[8] This Court also recently held that "*Betts* applies prospectively, and those whose convictions were finalized before *Betts* was decided are not entitled to collateral relief." *People v Shaver*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 361488); slip op at 9.

In this case, defendant argues that his lifetime registration obligation originates from the 2011 SORA amendments establishing the tier system, which defendant contends cannot be applied to him as a matter of law under the *Betts* decision. Although defendant asserts that the 2021 SORA

---

[7] The 2021 SORA amendments included "the removal of the student-safety zones; the removal of the retrospective application of in-person reporting requirements for vehicle information, electronic mail addresses, Internet identifiers, and telephone numbers, MCL 28.725(2)(a); and the removal of registrants' tier-classification information from the public website, MCL 28.728(3)(e)." *Betts*, 507 Mich at 566.

[8] The defendant in *Kiczenski* was incarcerated when SORA first took effect in 1995. *Kiczenski*, ___ Mich App at ___; slip op at 1. The 2011 SORA classified the defendant's CSC-I offense under Tier III. See MCL 28.722(w)(*iv*), as amended by 2011 PA 17. Likewise, the 2021 SORA classifies the defendant's CSC-I offense under Tier III. See MCL 28.722(v)(*iv*).

amendments were addressed and rejected as a remedy by the *Betts* Court, he fails to acknowledge that the Court declined to evaluate "whether the retroactive application of any post-2011 SORA amendments violates constitutional ex post facto provisions," because neither party raised the issue. *Betts*, 507 Mich at 574 n 30.

However, the issue was raised by the parties and addressed by this Court in *Kiczenski*. In that case, the prosecutor acknowledged that the defendant could no longer be required to register under the 2011 SORA following *Betts*, but argued that the 2021 SORA was applicable. *Kiczenski*, ___ Mich App at ___; slip op at 2. The trial court agreed and denied the defendant's successive motion for relief from judgment. *Id*. at ___; slip op at 2. This Court affirmed, holding that "the 2021 SORA amendments do not constitute punishment as to sex offenders" under the Ex Post Facto Clauses of the federal and state constitutions. *Id*. at ___; slip op at 1.[9]

Contrary to his assertions, defendant's lifetime registration obligation is imposed by the 2021 SORA, not the 2011 SORA. The 2021 SORA clearly and unambiguously requires an individual to register as a sex offender if he or she was convicted before the SORA initially took effect on October 1, 1995, but was still "on probation or parole, committed to jail, [or] committed to the jurisdiction of the department of corrections." MCL 28.723(1)(b). Because defendant was serving his five-year probation term when SORA took effect in 1995, he must comply with the registration requirements. *Id*. Defendant's CSC-II offense is classified as a Tier III offense under the 2021 SORA. See MCL 28.722(v)(*v*). Accordingly, defendant is subject to lifetime registration under MCL 28.725(13).

Affirmed.

/s/ Sima G. Patel
/s/ Christopher M. Murray
/s/ Christopher P. Yates

---

[9] Defendant's statement of questions presented does not identify any constitutional challenges to the 2021 SORA and thus any such challenge is waived. *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011); see also MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal.").