*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER SHANE BABCOCK,

Defendant-Appellant.

FOR PUBLICATION
September 18, 2025
11:09 AM

No. 370899
Lapeer Circuit Court
LC No. 2007-009119-FH

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PATEL, J.

In 2007, defendant pleaded guilty to two counts of fraudulent use of contract funds, MCL 570.152. He was sentenced to 18 months' probation and 363 days in jail, to be held in abeyance after he served 60 days. The parties subsequently stipulated to an order regarding restitution. Consistent with the stipulation, the trial court entered an amended judgment of sentence requiring defendant to pay $472,435.99 in restitution, with the balance to be converted to a money judgment under MCL 780.766(13) at the expiration of his probation term. Defendant was discharged from probation on March 10, 2009. On July 18, 2023, defendant's convictions were automatically set aside under the setting aside convictions act, MCL 780.621 *et seq.*, which is also known as the clean slate law.

In November 2023, the court, on its own motion brought by the clerk of the Lapeer Circuit Court, moved to reinstate defendant's convictions under MCL 780.621h and set a hearing "to determine if the defendant has made a good faith effort to pay restitution ordered on these conviction(s)." At the hearing, defendant testified that that he was current on his monthly civil judgment payments to all victims. The court found that defendant had been making regular and substantial payments. At a subsequent hearing, the prosecution argued that MCL 780.621g(12) and MCL 780.621h(3) provided that a conviction should be reinstated until restitution is completed. The prosecution maintained that defendant could move to set aside his convictions after the civil judgment was satisfied. The trial court adopted the prosecution's argument and

reinstated defendant's felony convictions on April 22, 2024. Defendant appeals the trial court's order by leave granted.[1]

The plain language of MCL 780.621h(3) states that a trial court shall reinstate a conviction that was automatically set aside under MCL 780.621g if it makes the required determination—that the defendant "has not made a good-faith effort to pay the ordered restitution." The trial court erred by interpreting the clean slate law to require reinstatement of a conviction merely because an order for restitution has not been satisfied in full. Accordingly, we vacate the trial court's April 22, 2024 order and remand to the trial court to reinstate the order setting aside defendant's convictions.

## I. BACKGROUND

Defendant pleaded guilty to two counts of fraudulent use of contract funds, MCL 570.152, in 2007.[2] He was sentenced to 18 months' probation and 363 days in jail, to be held in abeyance after he served 60 days. His restitution remained to be determined.

On August 14, 2007, the parties stipulated to a restitution order. Defendant was required to pay restitution in the amounts of $205,000 to Ronald and Anita Summers, $178,000 to Michael and Sherry Frederick, $12,000 to Walter Smith, and $77,435.99 to the Michigan Homeowner Construction Lien Recovery Fund. The stipulated order required defendant to pay monthly installments of $250, which would be "applied to and offset against the money judgments" awarded to the Summerses, the Fredericks, and Smith. The order also provided, "Any restitution that is disbursed by the Court to the Michigan Homeowner's Construction Lien Recovery Fund shall be applied to and offset against any money judgment the Fund may obtain against the Defendant." The order further stated:

> The Defendant's obligation to pay restitution shall continue during the term of his probation. Once the term of the Defendant's probation has expired any amount of restitution that is still due and owing to the crime victims shall be converted into a money judgment pursuant to the provisions of MCL 780.766(13).

On the same date, defendant's probation was amended to add that defendant "make $250 payments montly [sic] on the civil judgments that represents [sic] restitution in this matter."

On November 15, 2007, the trial court entered an amended judgment of sentence. Consistent with the stipulated restitution order, defendant was required to pay restitution in the amount of $472,435.99. The judgment further stated, "Once the term of the defendant's probation has expired any amount of restitution that is still due and oweing [sic] to the crime victims shall be converted into a money judgment pursuant to the provisions of MCL 780.766(13)." Defendant was discharged from probation in March 2009 after successfully completing all conditions of probation.

---

[1] *People v Babcock*, unpublished order of the Court of Appeals, entered December 12, 2024.

[2] Six counts of contractor filing false sworn statement, MCL 570.1110, were dismissed.

In 2020, our Legislature enacted 2020 PA 193, which amended the clean slate law effective April 11, 2021. Relevant to this matter, the amendments added MCL 780.621g (automatic setting aside of convictions) and MCL 780.621h (reinstatement of conviction). MCL 780.621g(2) states, "Beginning 2 years after the effective date" of 2020 PA 193, "a felony conviction that is recorded and maintained in the department of state police database is set aside under this section without the filing of an application" if two conditions applied: first, that ten years have passed from the imposition of the sentence or completion of imprisonment; and second, that the convictions "are otherwise eligible to be set aside" under MCL 780.621.[3] Defendant's convictions were automatically set aside on July 18, 2023.

On September 18, 2023, the trial court, on its own motion brought by the clerk of the Lapeer Circuit Court, issued a notice for a hearing on the reinstatement of defendant's convictions under MCL 780.621h and MCR 6.451 for failure to pay restitution.[4] The notice advised that a hearing would be held "to determine if the defendant has made a good faith effort to pay restitution ordered on these conviction(s). If the defendant has not made a good faith effort to pay restitution, the conviction(s) will be reinstated." The notice further stated, "If you think you have made a good faith effort to pay the restitution that was ordered, this hearing is your chance to explain to the court what efforts you have made to pay the restitution and why the conviction(s) should not be reinstated." The notice indicated that it was served on defendant and the prosecution.

At the hearing, defendant testified that he paid a total of $700 each month: $400 to the Summerses, $150 to the Fredericks, and $150 to the law firm Doerr and Doerr.[5] Defendant denied missing any payments. The court clerk, Amy Stearns, testified that her office filed the petition for reinstatement because she believed that the statutes required the court clerk to petition for reinstatement if any case had outstanding restitution. The prosecutor did not appear at the hearing. The trial court found that "the victims are protected, and [defendant is] in compliance with the provisions of the law that he has been making regular and substantial payments." The trial court indicated that it would not reinstate the conviction and directed defense counsel to submit an order.

Defendant moved for entry of his proposed order. At the hearing, the prosecution did not present any evidence to dispute whether defendant had made a good-faith effort to pay the ordered restitution. But the prosecution argued that, under MCL 780.621g(12) and MCL 780.621h(3), a conviction should be reinstated until restitution is completed. The prosecution maintained that defendant could have the conviction set aside when he satisfied the civil judgment. The trial court adopted the prosecution's arguments and granted the motion to reinstate convictions for failure to pay restitution.

This appeal followed.

---

[3] MCL 780.621 governs which offenses are eligible to be set aside. It does not exclude violations of MCL 750.152.

[4] The notice was printed on a standardized State Court Administrative Office form—MC 527a.

[5] The record is not clear whom Doerr and Doerr represents.

## II. ANALYSIS

Defendant argues that the trial court erred by interpreting MCL 780.621h to require reinstatement of a conviction merely because restitution has not been satisfied in full. We agree.

Resolution of this matter requires interpretation of the relevant statutory provisions. We review de novo questions of statutory interpretation. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019). "Our goal in construing a statute is to ascertain and give effect to the intent of the Legislature." *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008) (cleaned up). "In every case requiring statutory interpretation, we seek to discern the ordinary meaning of the language in the context of the statute as a whole." *People v Allen*, 507 Mich 597, 604; 968 NW2d 532 (2021) (cleaned up). "[W]e must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *People v Miller*, 498 Mich 13, 25; 869 NW2d 204 (2015) (cleaned up). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. Accordingly, when statutory language is unambiguous, judicial construction is not required or permitted." *Gardner*, 482 Mich at 50 (cleaned up).

There is no dispute that defendant's convictions were automatically set aside under MCL 780.621g(2), which provides:

> Beginning 2 years after the effective date of the amendatory act that added this section and subject to any necessary appropriation and subsections (5),[6] (6),[7]

---

[6] Subsection (5) states:

> Except as otherwise provided in this subsection, not more than 2 felony convictions and 4 misdemeanor convictions total that are recorded and maintained in the department of state police database may be set aside under this section during the lifetime of an individual. The limit on the number of misdemeanor convictions that may be set aside under this subsection does not apply to the setting aside of convictions described under subsection (1) or (3).

[7] Subsection (6) states:

> A conviction is not set aside under subsection (2) or (4) unless all of the following apply:
>
> (a) The applicable time period required under subsection (2) or (4) has elapsed.
>
> (b) There are no criminal charges pending in the department of state police database against the applicant.

$(7)^{[8]}$, and $(10)^{[9]}$, a felony conviction that is recorded and maintained in the department of state police database is set aside under this section without the filing of an application under section 1 if both of the following apply:

(a) Ten years have passed from whichever of the following events occurs last:

(i) Imposition of the sentence for the conviction.

(ii) Completion of any term of imprisonment with the department of corrections for the conviction.

(b) The conviction or convictions are otherwise eligible to be set aside under section 1.

---

(c) The applicant has not been convicted of any criminal offense that is recorded and maintained in the department of state police database during the applicable time period required under subsection (2) or (4).

[8] Subsection (7) states:

Subsections (2) and (4) do not apply to an individual who has more than 1 conviction for an assaultive crime or an attempt to commit an assaultive crime that is recorded and maintained in the department of state police database.

[9] Subsection (10) states:

Subsections (2) and (4) do not apply to a conviction recorded and maintained in the department of state police database for the commission of or attempted commission of any of the following:

(a) An assaultive crime.

(b) A serious misdemeanor.

(c) A crime of dishonesty.

(d) Any other offense, not otherwise listed under this subsection, that is punishable by 10 or more years' imprisonment.

(e) A violation of the laws of this state listed under chapter XVII of the code of criminal procedure, 1927 PA 175, MCL 777.1 to 777.69, the elements of which involve a minor, vulnerable adult, injury or serious impairment, or death.

(f) Any violation related to human trafficking.

Because defendant's convictions were automatically set aside, they are subject to reinstatement under MCL 780.621h. MCL 780.621g(12).

But the setting aside of a conviction "does not relieve any obligation to pay restitution owed to the victim of a crime nor does it affect the jurisdiction of the convicting court or the authority of any court order with regard to enforcing an order for restitution." MCL 780.622(7). Defendant's restitution order "remains effective until it is satisfied in full." MCL 780.766(13). The restitution order "is a judgment and lien against all property of the defendant for the amount specified in the order of restitution" and "may be enforced by the prosecuting attorney, a victim, a victim's estate, or any other person or entity named in the order to receive the restitution in the same manner as a judgment in a civil action or a lien." *Id*.

At issue is MCL 780.621h, which states:

> (1) Upon the occurrence of 1 of the circumstances under subsection (2) or (3), a conviction that was set aside by operation of law under [MCL 780.621g] shall be reinstated by the court as provided in this section.
>
> (2) If it is determined that a conviction was improperly or erroneously set aside under [MCL 780.621g] because the conviction was not eligible to be set aside under [MCL 780.621g] or any other provision of this act, the court shall, on its own motion, reinstate the conviction.
>
> (3) Upon a motion by a person owed restitution, or on its own motion, the court shall reinstate a conviction that was set aside under [MCL 780.621g] for which the individual whose conviction was set aside was ordered to pay restitution *if the court determines that the individual has not made a good-faith effort to pay the ordered restitution*. [Emphasis added.]

MCL 780.621h(1) dictates that a conviction that was set aside under MCL 780.621g, "shall be reinstated by the court" if one of the circumstances identified in Subsections (2) or (3) occurs. Because there has been no argument that defendant's convictions were not otherwise eligible to be set aside under MCL 780.621g, Subsection (2) is inapplicable. Subsection (3) applies to "a conviction that was set aside under [MCL 780.621g] for which the individual whose conviction was set aside was ordered to pay restitution . . . ." There is no dispute that defendant's convictions fall within these parameters. But Subsection (3) identifies the condition that must be met before the court reinstates the conviction: "*if the court determines that the individual **has not made a good-faith effort** to pay the ordered restitution*." (Emphasis added.) Under the plain language of Subsection (3), a trial court is authorized to reinstate the conviction only if the trial court makes a factual determination that the defendant failed to make a good-faith effort to pay. Because this language is clear and unambiguous, the statute must be enforced as written. *Gardner*, 482 Mich at 50.

The trial court found that defendant was making good-faith efforts to pay the restitution in accordance with the obligation that was converted to a civil judgment. The prosecutor did not dispute this finding or present any evidence to the contrary. Accordingly, there was no ground for the trial court to reinstate the convictions under MCL 780.621h. And MCR 6.451 states, "A

-6-

conviction that was set aside by operation of law under MCL 780.621g must be reinstated by the court *only as provided in MCL 780.621h.*"  (Emphasis added).

We vacate the trial court's April 22, 2024 order and remand to the trial court for reinstatement of the order setting aside defendant's convictions.  We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Kathleen A. Feeney

-7-